## UNITED STATES v. GOLDFEDER et al.
### No. 2002.

Circuit Court of Appeals, Tenth Circuit.
May 28, 1940.

Robert Koerner, Atty., Dept. of Justice, of Washington, D. C. (Norman M. Littell, Asst. Atty. Gen., Cleon A. Summers, U. S. Atty. of Muskogee, Okl., and Charles R. Denny, Robert H. Fabian, and William B. Holst, Attys., Dept. of Justice all of Washington, D. C., on the brief), for United States.

Hal Welch, of Hugo, Okl. (Carloss Wadlington, of Ada, Okl., on the brief), for appellees.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

Caroline Illetewahke, an adult full-blood Chickasaw Indian, inherited an undivided interest in a tract of land situate in Pontotoc County, Oklahoma, from her mother Betsy Illetewahke. The land was part of the allotment of Betsy.

On August 13, 1936, Caroline conveyed her interest in the land by warranty deed to F. R. Harris, in consideration of the conveyance to her by Harris by warranty deed of a tract of land containing 65 acres situate in Pontotoc County, Oklahoma, and the payment of $1.00 in cash. The last

mentioned deed contained the following restrictive provision:

"Except that the land herein described shall not be leased, sold or encumbered in any manner by the grantee herein or her heirs prior to April 26, 1956 except with the approval of the county court as required for full blood Indian heirs."

The deed from Caroline to Harris was presented to the county court of Pontotoc County, Oklahoma, the court having jurisdiction of the estate of Betsy, for approval. The United States Probate Attorney appeared at the hearing and approved the exchange of lands on condition that the deed to Caroline should contain the restrictive clause. The county court entered its order of approval on January 22, 1937. It recited the deed from Caroline to Harris and the deed from Harris to Caroline. While the order does not expressly refer to the restrictive clause in the deed from Harris to Caroline, it clearly appears that the deed containing that clause was before the court and that the conveyance from Harris formed the major part of the consideration received by Caroline and that the court expressly approved that consideration. Indeed, the approval was given and the exchange of deeds was effected at the same time, as a part of one transaction.

Thereafter, Caroline undertook to convey the 65-acre tract of land to H. Goldfeder by warranty deed dated March 9, 1938. The latter deed was not approved by the county court. On April 6, 1938, Goldfeder instituted this action against Caroline and others to quiet the title to the 65-acre tract of land. Notice of the suit was served upon the Superintendent of the Five Civilized Tribes and the United States caused the suit to be removed to the United States District Court for the Eastern District of Oklahoma, pursuant to the provisions of § 3 of the Act of April 12, 1926, 44 Stat. 239, 240. Thereafter, the United States filed its intervening petition in behalf of Caroline challenging the validity of the deed from Caroline to Goldfeder on the ground that it had not been approved by the county court.

The trial court held that the county court was without power to require the inclusion of the restrictive clause in the deed from Harris to Caroline and that the same was void and nonenforceable, and that, therefore, Caroline was authorized to convey the land to Goldfeder without the approval of the county court.

The land, being a part of the allotment of Betsy and having passed by inheritance to Caroline, a full-blood Indian heir, was subject to the qualified restrictions continued by virtue of the provisions of § 9 of the Act of May 27, 1908, 35 Stat. 312, 315, as amended by the Act of April 12, 1926, 44 Stat. 239, and Caroline was without power to make a valid conveyance of her interest in the allotment without the approval of the county court having jurisdiction of the estate of Betsy.

The county court having power to withhold approval of the conveyance from Caroline to Harris, the question arises as to whether or not it could impose as a condition to such approval the inclusion of the restrictive clause in the deed from Harris to Caroline.

In approving deeds to full-blood Indian heirs of inherited lands, the county court acts as a federal instrumentality. See United States v. Gypsy Oil Co., 8 Cir., 10 F.2d 487. The death of the original allottee does not wholly remove restrictions, but qualified restrictions are continued as to full-blood Indian heirs by virtue of the provisions of § 9, supra, and as to minor heirs by the provisions of § 6 of the Act of 1908. United States v. Gypsy Oil Co., supra.

It has been held that the Secretary of the Interior, since he has power to withhold his approval of the investment of trust funds in his hands, may exercise the lesser authority and allow the investment upon condition that the property into which the proceeds are converted shall be impressed with a like control. See Sunderland v. United States, 266 U.S. 226, 234, 235, 45 S.Ct. 64, 69 L.Ed. 259. It has also been held that a county court having jurisdiction over the guardianship of Indian minors could require that such a restrictive clause be inserted in a deed to lands purchased with funds of an Indian minor derived from a sale of restricted lands. See United States v. Brown, 8 Cir., 8 F.2d 564. We are of the opinion that the situation here presented is analogous and that the county court, having power to withhold approval, may grant that approval upon conditions imposed for the protection of the full-blood Indian heir.

Furthermore, we do not think that the Congress, in continuing modified restrictions of lands passing to full-blood Indian heirs or devisees, intended, even

though it would be improvident for the Indian heir or devisee to sell his land for cash, to prevent him from making desirable exchanges thereof for other lands. Situations frequently arise where such an exchange is both desirable and practical. An Indian heir might acquire separate tracts of land. It might be desirable to have his land in one body and to effect that through exchange. The result is to permit a desirable exchange and continue the necessary restrictions against the land received in exchange for the protection of the Indian heir.

The judgment is reversed and the cause remanded with instructions to enter a decree cancelling the deed from Caroline to Goldfeder and quieting the title in Caroline.