McCURTAIN et al. v. PALMER et al.

No. 2273.

Circuit Court of Appeals, Tenth Circuit.

July 22, 1941.

C. C. Wilkins, of Marietta, Okl., for appellants.

C. L. McArthur, of Ada, Okl. (E. W. Kemp, of Ada, Okl., on the brief), for appellee Watson Palmer.

Norman MacDonald, of Washington, D. C., Atty., Department of Justice (Norman M. Littell, Asst. Atty. Gen., Cleon A. Summers, U. S. Atty. and Charles N. Champion, Asst. U. S. Atty., both of Muskogee, Okl., and Vernon L. Wilkinson, of Washington, D. C., Atty., Department of Justice, on the brief), for appellee United States.

Before HUXMAN and MURRAH, Circuit Judges, and KENNAMER, District Judge.

FRANKLIN E. KENNAMER, District Judge.

Watson Palmer filed this suit in the District Court of Coal County, Oklahoma, against Florence McCurtain, administratrix, et al. seeking to cancel a sheriff's deed to Florence McCurtain, administratrix, affecting 670 acres of land in Coal County, Oklahoma, and to quiet title to the land against the grantee. The cause was removed to the United States District Court for the Eastern District of Oklahoma, pursuant to Sec. 3 of the Act of April 12, 1926, 44 Stat. 240. The United States of America filed a complaint in intervention in its own behalf and for Watson Palmer, seeking the cancellation of the sheriff's deed and quieting the title to the land in Watson Palmer. Decree was entered in favor of Watson Palmer and the intervener, United States of America, cancelling the sheriff's deed and quieting the title, and this cause is here on an appeal from the decree.

The facts are undisputed and may briefly be summarized as follows:

Hicks Palmer, full-blood Choctaw Indian, enrolled opposite roll No. 11518, received an allotment of restricted lands, upon which oil and gas was produced, and the income derived therefrom paid to the Secretary of the Interior of the United States. On October 20, 1925, a part of the income was used to purchase the 670 acres of land involved herein. Pursuant to the purchase with such restricted funds, the land was conveyed by warranty deed on October 20, 1925, to Hicks Palmer, the deed containing a provision that the grantee, Hicks Palmer, could not alienate or incumber the land during his lifetime, or at any time prior to April 26, 1931, unless with the consent and approval of the Secretary of

the Interior. Hicks Palmer died December 21, 1930, leaving a will involving the land referred to herein, as well as other properties and funds, but the will, insofar as it affected the lands involved herein, was rejected for probate, and Watson Palmer, a full-blood Choctaw Indian, enrolled opposite roll No. 11517, inherited and became the owner of the land upon the death of his brother, Hicks Palmer. The Secretary of the Interior has not approved or consented to the execution of any conveyance or incumbrance covering the land.

Florence McCurtain, as administratrix of the estate of Robert W. McCurtain, deceased, obtained a judgment in the District Court of Love County, Oklahoma, on the 19th day of July, 1938, against Watson Palmer, for the sum of five thousand dollars ($5,000), in an action for damages for a fatal assault committed by Watson Palmer upon the husband of the judgment creditor, and an execution was issued out of the District Court of Love County, Oklahoma, directed to the Sheriff of Coal County, Oklahoma, and a levy made upon the land involved herein, resulting in a Sheriff's sale under the execution, and the purchase of the land by Florence McCurtain, administratrix, for the sum of three thousand eight hundred dollars ($3,800), on the 30th day of October, 1939, which sum was credited upon the judgment. The sale was confirmed by the District Court of Love County, and a sheriff's deed executed and delivered in accordance therewith, to Florence McCurtain, as administratrix, on November 13, 1939. As noted above, the purpose of this action is to set aside and cancel the Sheriff's deed and to quiet title to the lands in Watson Palmer.

The question presented is, whether the lands were restricted by Congressional Act or provision of law at the time levy was made by the Sheriff of Coal County and the sale of the lands were made under the levy of execution; or, whether the lands were not subject to such levy and sale.

The Act of January 27, 1933, 47 Stat. 777, is decisive of the question here presented. So far as here material, it provides:

"That all funds and other securities now held by or which may hereafter come under the supervision of the Secretary of the Interior, belonging to and only so long as belonging to Indians of the Five Civilized Tribes in Oklahoma of one-half or more Indian blood, enrolled or unenrolled, are hereby declared to be restricted and shall remain subject to the jurisdiction of said Secretary until April 26, 1956, subject to expenditure in the meantime for the use and benefit of the individual Indians to whom such funds and securities belong, under such rules and regulations as said Secretary may prescribe: Provided, That where the entire interest in any tract of restricted and tax-exempt land belonging to members of the Five Civilized Tribes is acquired by inheritance, devise, gift, or purchase, with restricted funds, by or for restricted Indians, such lands shall remain restricted and tax-exempt during the life of and as long as held by such restricted Indians, but not longer than April 26, 1956, unless the restrictions are removed in the meantime in the manner provided by law: * * *

"Sec. 8. That it shall be the duty of the attorneys provided for under the Act of May 27, 1908 (35 Stat.L. 312), to appear and represent any restricted member of the Five Civilized Tribes before the county courts of any county in the State of Oklahoma, or before any appellate court thereof, in any matter in which said restricted Indians may have an interest, and no conveyance of any interest in land of any full-blood Indian heir shall be valid unless approved in open court after notice in accordance with the rules of procedure in probate matters adopted by the Supreme Court of Oklahoma in June of 1914, and said attorneys shall have the right to appeal from the decision of any county court approving the sale of any interest in land, to the district court of the district to which the county is a part. Approved, January 27, 1933."

The right of Watson Palmer, a full-blood heir, to alienate the land is restricted by the above Section 8 of the Congressional Act referred to. Such restrictions apply to involuntary sales, such as the one here involved. We deem it unnecessary to further discuss the effect of the above statutory provision, because it has had the consideration of this court (Whitchurch v. Crawford et al., 10 Cir., 92 F.2d 249), in kindred litigation, and because the language employed therein is plain and unambiguous. It clearly provides that no conveyance of any interest in land of any full-blood Indian heir shall be valid unless approved in the manner therein provided. The required approval had not been obtained. The conveyance affecting the land is clearly contrary to the above Statute,

and for that reason alone is invalid. The land involved herein has been judicially determined to be restricted against alienation (see In re Palmer's Will, D.C., 11 F. Supp. 301), and we entertain no doubt that the Congressional Act referred to above is controlling of the issues presented.

■ The fact that the deed sought to be cancelled was executed upon commendable considerations, cannot vary the requirement that Congressional Acts controlling such lands be complied with. See United States v. Brown, 8 Cir., 8 F.2d 564.

We deem it unnecessary to consider other Congressional Acts dealing with restrictions, their removal and re-imposition, as the Congressional Act of January 27, 1933, is decisive of the question presented.

The decree is affirmed.