**MURRAY v. NED et al.**

**No. 2626.**

Circuit Court of Appeals, Tenth Circuit.

Feb. 19, 1943.

Rehearing Denied March 24, 1943.

Second Petition for Rehearing Denied June 12, 1943.

Reuel W. Little, of Madill, Okl., for appellant.

William H. Landram, Asst. U. S. Atty., of Muskogee, Okl. (Norman M. Littell, Asst. Atty. Gen., and Cleon A. Summers, U. S. Atty., and Charles N. Champion, Asst. U. S. Atty., both of Muskogee, Okl., and Norman MacDonald and S. Billingsley Hill, Attys., Dept. of Justice, both of Washington, D. C., on the brief), for appellees.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

On or about June 23, 1931, Willie Tom, a full-blood Mississippi Choctaw Indian, enrolled as such opposite Roll No. 927, died intestate, seized of certain lands which had been allotted to him as a homestead. The land descended to his heirs-at-law who were full-blood Mississippi Choctaw Indians. On October 24, 1931, all the heirs of Willie Tom, except one Moses Johnson, by warranty deed conveyed their undivided 15/16ths interest in the land to Frank Ned, a full-blood Mississippi Choctaw Indian, enrolled opposite Roll No. 264. The deed was duly approved by the county court of Marshall County, Oklahoma, that court having jurisdiction of the estate of the deceased allottee, Willie Tom. Frank Ned did not use restricted funds to purchase the undivided 15/16ths interest in the land and the deed did not contain any provision restricting alienation.

Frank Ned died intestate on or about November 11, 1939, and his interest in the

land descended to his heirs-at-law, all of whom were full-blood Mississippi Choctaw Indians.

On November 19, 1941, Bessie Pistubbee, one of the heirs of Frank Ned, undertook to convey by warranty deed her undivided 3/16ths interest in the land to John O. Murray. The last-mentioned deed was not approved by the county court of Marshall County, nor by any other county court. On December 27, 1941, Murray commenced this action in the District Court of Marshall County seeking a decree determining the heirs of Willie Tom and Frank Ned and quieting Murray's title to a 3/16ths interest in the land. It was removed by the United States under the provision of the Act of April 12, 1926, 44 Stat. 239, 241, to the District Court of the United States for the Eastern District of Oklahoma. The United States filed a complaint in intervention in which it alleged that the deed to Murray was void because not approved by the county court of Marshall County, Oklahoma. From a judgment adjudging the deed to be void, Murray has appealed.

Section 9 of the Act of May 27, 1908, as amended by the Act of April 12, 1926, 44 Stat. 239, reads as follows:

"The death of any allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land: *Provided,* That hereafter no conveyance by any full-blood Indian of the Five Civilized Tribes of any interest in lands restricted by section 1 of this Act acquired by inheritance or devise from an allottee of such lands shall be valid unless approved by the county court having jurisdiction of the settlement of the estate of the deceased allottee or testator * * *."

That section continued qualified restrictions as to lands passing to full-blood Indian heirs or devisees of an allottee on the death of the allottee.[1]

The Act of January 27, 1933, 47 Stat. 777, in part provides:

" * * * no conveyance of any interest in land of any full-blood Indian heir shall be valid unless approved in open court after notice in accordance with the rules of procedure in probate matters adopted by the Supreme Court of Oklahoma in June of 1914, * * *." § 8.

The single issue presented is whether the latter Act reimposes restrictions on land from which restrictions have been removed, when the land descends to full-blood Indian heirs.

In explaining the need for the quoted provision of the Act of January 27, 1933, the Secretary of the Interior, in a letter to Honorable Edgar Howard, Chairman, Committee on Indian Affairs, said:

"The last provision of section 2 of the inclosed draft, which is the only matter included that was not contained in S. 6169 as passed by the House during the last session of Congress, we deem a wise one and worthy of enactment. Experience has shown that hasty sales are frequently consummated by Indian heirs of varying degrees of competency, immediately following the death of an ancestor, and serious questions are later raised as to the interests of heirs; titles are attacked, and much costly litigation ensues."

■ It will be observed that § 9 of the Act of May 27, 1908, as amended, embraces only full-blood Indian heirs and devisees *of allottees* and that the language of the quoted provision of the Act of January 27, 1933, embraces all full-blood Indian heirs. Had the Congress merely intended to lay down a procedure to be followed in obtaining approval of deeds by full-blood Indian heirs and devisees of allottees, required by § 9, supra, it is reasonable to assume that it would have made express reference to § 9 and would have included devisees as well as heirs. Instead, it used the sweeping language "any full-blood Indian heir." We think when due consideration is given to the purposes of the enactment as stated in the letter of the Secretary, and the broad sweep of the language employed, the quoted provision of the Act of January 27, 1933, must be construed to impose restrictions against alienation upon lands passing by descent to full-blood Indian heirs. We so held in Whitchurch v. Crawford, 10 Cir., 92 F.2d 249, 253, and McCurtain v. Palmer, 10 Cir., 121 F.2d 1009, 1010.

■ The power of Congress constitutionally, to reimpose such restrictions is no longer open to question.[2]

■ Accordingly, we conclude that when

---

[1] Commissioner of Internal Revenue v. Owens, 10 Cir., 78 F.2d 768, 775; Holmes v. United States, 10 Cir., 53 F.2d 960, 961; Parker v. Richard, 250 U.S. 235, 238, 39 S.Ct. 442, 63 L.Ed. 954; Harris v. Bell, 254 U.S. 103, 41 S.Ct. 49, 65 L.Ed. 159.

[2] McCurdy v. United States, 246 U.S. 263, 273, 38 S.Ct. 289, 62 L.Ed. 706; Brader v. James, 246 U.S. 88, 96, 38 S.

the land passed to the full-blood Indian heirs of Frank Ned, it became restricted against alienation and that the deed to Murray, not having the requisite approval, is void.

The judgment is affirmed.

Ct. 285, 62 L.Ed. 591; Tiger v. Western Investment Co., 221 U.S. 286, 31 S.Ct. 578, 55 L.Ed. 738; Whitchurch v. Crawford, 10 Cir., 92 F.2d 249, 253; Hickey v. United States, 10 Cir., 64 F.2d 628, 629, 631.