Florence **SPRINGER**, Plaintiff,

v.

**G. L. TOWNSEND**, Defendant.
Civ. No. 5240.

United States District Court
N. D. Oklahoma.
Feb. 18, 1963.

W. F. Semple, M. S. Robertson, Tulsa, Okl., for plaintiff.

R. D. Hudson, Hudson, Hudson, Wheaton, Kyle & Brett, Tulsa, Okl., for defendant.

DAUGHERTY, District Judge.

Upon consideration of the defendant's Motion for Summary Judgment filed herein and the briefs submitted in support and opposition thereto, the Court finds that a partial judgment should be entered upon said motion.

The defendant moves for summary judgment on the basis that there are no genuine issues as to a material fact and that he is entitled to judgment as a matter of law. Upon examination of the various contentions of the parties, the Court finds that the defendant is entitled to judgment at this time upon the questions of law as hereinafter indicated; but further the Court finds that there does exist at this time a question of fact as to one issue, as is hereinafter indicated. Pursuant to F.R.Civ.P. Rule 56(d) the Court therefore enters a partial judgment in favor of the defendant and directs that a further hearing be had for the purpose of allowing the introduction of evidence as to the one remaining question of fact as hereinafter pointed out.

The facts appearing that are not in dispute are: (a) the proceeding instituted by George Barnett, Jr., before the County Court of Creek County, Oklahoma, was for approval of a conveyance by him of restricted Indian land; (b) the only publication notice published was the one of November 22, 1951; (c) the only notices served or attempted to be served on the Area Director for the Muskogee Area (Successor to the Superintendent of the Five Civilized Tribes) and the United States Probate Attorney were the initial ones, that is, the notices issued under the date of November 20, 1951; (d) that no further or additional notices were issued other than those mentioned above; (e) that all the above mentioned notices indicated that a hearing for the approval of the deed in question was to be held at 2:00 P. M. at the Creek County Court House in the County Courtroom on December 4, 1951; (f) that the U. S. Probate Attorney participated in the approval hearing on January 8, 1952; (g) that a hearing was held in open court on January 8, 1952, wherein the deed of George Barnett, Jr., to Jeannetta Barnett nee Richard, was approved by Judge S. M. Cunningham, County Judge of Creek County, Oklahoma.

The plaintiff herein has abandoned her contentions as to fraud and failure of consideration in the transaction between herself and the defendant and relies upon the proposition that the conveyance she received from George Barnett, Jr., was void and of no effect. In support of this proposition the plaintiff asserts several contentions, to-wit: (1) No notice whatever was given to the United States Probate Attorney as required by the Act of Congress of August 4, 1947, 61 Stat. 731 (hereinafter referred to as the Act of 1947); (2) The publication notice, as published in the Sapulpa Legal News on November 22, 1951, indicated the approval hearing was to be held on December 4, 1951, and that in fact the hearing was held on January 8, 1952, without any further notice by publication or notice to the Area Director or the United States Probate Attorney, all as required by the Act of 1947; (3) That the order setting the petition of George Barnett, Jr., for approval hearing directed competitive bidding, but that competitive bidding was not had; (4) That the hearing set for December 4, 1951, was postponed without an order of the Court and without further notice to the Area Director or the United States Probate Attorney or further publication notice; (5) That the notice required by the Act of 1947 to be served upon the Area Director did not give 10 days notice, but gave only eight days' notice; further that the Area Director was without authority to accept service of notice of such hearing pursuant to Section 10 of the Act of 1947; and further that there was never any actual notice of hearing for approval

of the deed in question had on the Area Director either as to the hearing set for December 4, 1951, nor the hearing had on January 8, 1952.

The Court finds that there are no genuine issues of material fact as to the plaintiff's contentions numbered (1) through (4) above, and further finds as a matter of law that judgment should be rendered thereon in favor of the defendant.

■ As to plaintiff's contention (1), the Act of 1947 calls for a written notice of a hearing for the approval of a conveyance of an Indian heir of restricted land to be given to the Probate Attorney of the district wherein the petition is filed. No manner of service is specified other than it should be written notice. Such notice is to be given at least ten days prior to hearing. The obvious purpose of such provision is to give the Probate Attorney an opportunity to appear. The Probate Attorney appears in behalf of the Indian. The Court deems it immaterial if a return is not made of the written notice and that such return is not made a part of the County Court record in a case where the Probate Attorney has in fact made an appearance in the matter and participated in the approval hearing. The purpose of the notice to the Probate Attorney has been fulfilled when he appears and participates. Such was the case in the matter here under scrutiny. The Court finds therefore that a return of written notice is unnecessary and the Act of 1947 has been complied with where the Probate Attorney appears at the hearing.

■ As to plaintiff's contentions (2) and (4), the objections basically are directed at the fact that no full hearing was held on December 4, 1951, though the notices gotten out designated that date for the hearing, plus the fact that the full approval hearing was held on January 8, 1952, without the issuances of new or further notices. Plaintiff contends the Act of 1947 would require new notices and that of necessity the matter of the approval of the deed in question died a natural death on December 4,

1951, when no full hearing was had. The Act of 1947 does not have any provisions outlining what action should be taken should a full hearing not be had on the date called for in the notices. The purpose of notice to the Probate Attorney and the Area Director is to allow their participation in the proceedings. As indicated, the Probate Attorney did appear and participate. By Section 10 of the Act of 1947 the participation of the Area Director, for the purpose of exercising the preferential purchase right of the Secretary of the Interior, is optional and such preferential right may be waived. His participation in the proceeding is not mandatory and not essential to its validity. The notice envisioned by Section 10 is to be at least ten days prior to the date of sale or in this case the date set for the hearing for approval. By the very nature of the proceeding herein, it is reasonable to construe the statute to allow and sanction a continuance of the approval hearing. Section 1(d) specifically provides that the County Court may set the petition for further hearing when deemed necessary. It is inherent in the procedural authority of a tribunal, a judicial body, or an administrative or ministerial body in performance of ministerial or quasi-judicial functions that a matter may be continued for further hearing and disposition without the necessity of getting out a new set of notices as would be required should the hearing be the initial one. The record does not indicate a formal order was entered by the County Court on December 4, 1951, continuing the hearing to January 8, 1952. Though this may be deemed the better or more acceptable procedure, this Court does not deem it fatal to the proceedings herein held on January 8, 1952.

The Act of 1947 is construed as not to require new notices should the petition be continued on the date set in the notice by the County Court for further hearing and disposition. The record indicates the matter was duly continued on December 4, 1951, to January 8, 1952. Therefore, the Court finds that the hear-

ing for approval of the conveyance in question could be continued by the County Court and a final disposition made of the matter at a date later than that related in the initial notices. Further, the Court finds that no new notices were required by the Act of 1947 as a result of the matter being continued.

■ As to plaintiff's contention (3), the Court construes the Act of 1947 as not requiring that the sale of the restricted land be accomplished by competitive bidding. Section 1(d) is construed as making the sale by competitive bidding optional at the discretion of the County Court. The order of November 20, 1951, setting the petition for hearing, recited that any interested person may appear and submit a bid for purchase of the subject property if they so desired. This order in no way bound the County Court to approval of the conveyance based upon receipt of competitive bids. The County Court did not require competitive bidding, as disclosed by its order of January 8, 1952, and thereby exercised its option as outlined in Section 1(d) of the Act of 1947. This Court finds that the County Court correctly interpreted the Act of 1947 and properly exercised its option in approving the sale without requiring competitive bidding.

■ As to the remaining contention of the plaintiff, number (5) above, the Court finds that there is a genuine issue as to a material fact, to-wit: Did the Area Director receive written notice at least ten days prior to the day the petition for approval was set for hearing. The notice to the Area Director was returned and is in the record. It evidences conflicting dates of receipt by the Area Director.

This Court having found that no new notice was necessary for the continued hearing date of January 8, 1952, the only remaining question is, did the Area Director receive such notice as is envisioned under the Act of 1947, and if so, was it at least ten days prior to the date the petition was set for hearing.

■ The plaintiff contends that service of the notice of this hearing must be effectuated in the manner outlined in Section 3 of the Act of April 10, 1926, 44 Stat. 239. This Act amended Section 9 of the Act of May 27, 1908, 35 Stat. 312. The purpose of Section 3 of the Act of 1926 was to allow the intervention by the United States in suits wherein a party was claiming title to or an interest in lands allotted to a citizen of the Five Civilized Tribes, or the proceeds, issues, rents and profits derived from same. The purpose further was to allow the removal of such suits from a state court to the United States District Court. This section of the Act of 1926 is remedial in nature to insure a permanence of title. The suits referred to in the Section were those where, primarily, title was in dispute. Prior to the Act of 1926 the United States, not being a party to an action involving restricted Indian lands when adjudicated by the state or federal courts, could re-litigate at their instance to have such prior judgment set aside.

The proceedings with which we are concerned here, the approval of a conveyance of restricted Indian land by an Indian heir, does not fall within the purview of the class of suits outlined in Section 3 of the Act of 1926. Therefore, the Court finds that that section is inapplicable to the service of notice to the Area Director as required in the approval proceedings.

The notice required to be given the Area Director is, as pointed out earlier in this Order, for the purpose of allowing the Secretary of the Interior to exercise a preferential purchase right if he so desired. The preference right is set out in Section 2 of the Act of June 26, 1936, 49 Stat. 1967, and amended by Section 10 of the Act of August 4, 1947, and it is only pursuant to this section that notice need be given to the Area Director.

■ A perusal of Section 10 of the Act of 1947 indicates that no special manner of notice is set out therein. The only requirements are that it be written and be served at least ten days prior to

the hearing date. Therefore, the Court construes Section 10 to provide that any manner of actual written notice to the Area Director is proper and will be effective under Section 10 of the Act of 1947 if served at least 10 days prior to the date the petition for approval is set for hearing.

■ As indicated above, the notice to the Area Director indicates two conflicting dates as to when it was received. The Court will receive extrinsic evidence upon the question of the date of actual receipt of the notice by the Area Director at a hearing set for that purpose. Either side may offer such evidence as they may have on this point.

Should the evidence received show that the Area Director had written notice ten days prior to the date the petition for approval was set for hearing, then the notice requirements of the Act of 1947 will have been fulfilled and summary judgment on the remaining contention of the plaintiff will be rendered in favor of the defendant.

Should the evidence received show that the Area Director did not receive written notice ten days prior to the date the petition for approval was set for hearing, then notice requirements of the Act of 1947 will not have been fulfilled and the proceedings of approval will be deemed void by reason of this defect.

■ In this regard, the Court points out that the County Court in conducting the proceedings for approval of conveyances of restricted Indian lands acts as an instrumentality of the United States. It carries out a ministerial function. However, Congress by the Act of April 10, 1926, has attempted to stabilize the orders of approval thereafter made. The County Court continues to function in this regard in a ministerial capacity, but the orders of approval have been put on a par with that of a court of general jurisdiction. Congress has the authority to predetermine the legal effect of the approval orders issued. By no means could Congress expand the state juris-diction of the County Courts of the State of Oklahoma, but the legal effect of their orders issued pursuant to Congressional direction can be predetermined by the Congress. In effectuating that purpose the Act of April 10, 1926, provides that the orders approving such conveyances of such land shall be in open court and "shall be conclusive as to the jurisdiction of such court to approve such deed." The net effect of this proviso is to put such approval orders on a par with orders of courts of general jurisdiction, thus giving the attributes generally recognized in such acts of courts of general jurisdiction to the orders of approval. Thus, such approval orders are not subject to impeachment except for extrinsic fraud or want of jurisdiction appearing on the judgment roll. Where the judgment roll or record clearly speaks, it is conclusive as to jurisdiction. If it is silent, it is presumed that jurisdiction existed. If it affirmatively shows a lack of jurisdiction, it is also conclusive as to that fact.

■ The final order of approval entered by the County Court of Creek County on January 8, 1952, contains a recital of jurisdiction. Such a recital, however, is not conclusive if the record in fact shows an affirmative lack of jurisdiction. The record bears out the recital of jurisdiction except that the notice to the Area Director contains two conflicting dates as to when such notice was served on the Area Director. If in fact served on November 23, 1951, as indicated thereon, it would be valid notice since served ten days or more prior to the hearing date. If in fact served on November 26, 1951 as indicated thereon, it would be invalid and defective notice since served less than ten days prior to the hearing date. Thus, this Court will look behind the recital of requisite jurisdictional notice and look to the entire record. As pointed out above, the parties may introduce evidence, if any, to resolve the inconsistency apparent in the record as to when the notice was served on the Area Director. It is so ordered.