Florence **SPRINGER**, Appellant,

v.

G. L. **TOWNSEND**, Appellee.

No. 7597.

United States Court of Appeals Tenth Circuit.

Sept. 9, 1964.

Rehearing Denied Oct. 6, 1964.

W. F. Semple, Tulsa, Okl., for appellant.

Robert D. Hudson, Tulsa, Okl., for appellee.

Before PICKETT, LEWIS and HILL, Circuit Judges.

HILL, Circuit Judge.

This diversity action was brought in the court below by the appellant, Florence Springer, against the appellee, G. L. Townsend, to quiet title to certain real estate located in Creek County, Oklahoma. The appeal is from an order and judgment quieting title to the real estate in appellee and from the court's order denying appellant's motion for a new trial.

The real estate in question was originally the allotment of Jennetta Richard, a fullblood and enrolled Creek Indian. By subsequent marriages, she became Jennetta Barnett and then Jennetta Byrd. She died, intestate, on September 14, 1932, leaving as heirs at law the following persons: Her husband, Yadeka Byrd; her son, George Barnett, Jr.; and a daughter, Florence Barnett (afterwards Florence Townsend and now Florence Springer), the appellant. Under the laws of intestate succession, each of the heirs inherited an undivided one-third interest in the real estate. George Barnett and the appellant are both fullblood and unenrolled Creek Indians.

In November of 1951, George entered into an agreement with appellant, under the terms of which he agreed to sell to her his one-third mineral interest in the land. Since the sale involved restricted Indian land and since George and Florence were fullblood Indians, it was necessary that the deed conveying the mineral interest in the land be approved by the County Court of the county in which the land was located. Accordingly, George filed a petition in the County Court of Creek County, Oklahoma, on November 20, 1951, seeking the necessary approval for the conveyance. Appraisers were appointed to appraise the interest being conveyed and notice of the hearing on the petition was published in a local newspaper. In addition, notice of the hearing was served upon the then Acting Area Director of the Five Civilized Tribes and a copy of this notice showing such service was filed in the County Court. Among other things, the notice recited a bid of $3,600 by appellant and set December 4, 1951, at 2:00 p. m., as the time for hearing on the petition.

The record indicates that the hearing was not completed on December 4 and no formal order of continuance of that hearing was entered by the County Court on that date. However, on January 8, 1952, the County Court entered an order which recites that the matter " * * * came on to be heard on the 4th day of December, 1951, and for good cause shown the same was continued until the 8th day of January, 1952 * * * " and in which the deed from George to appellant was approved by the court. The record shows that a hearing on the petition was held in open court on January 8 and that the Probate Attorney appeared and participated in such hearing. No new notices of the January 8 hearing were ever published or served upon the Area Director.

The deed from George was delivered to appellant and, on March 12, 1952, she executed an instrument entitled "Quite-Claim Deed", by which she transferred title to the mineral interest in question to the appellee. This deed was duly recorded on the same day. Thereafter and on May 5, 1960, an order was entered by the Area Director removing the restrictions of George, and, on November 25, 1960, he purported to convey the same mineral interest to his sister, Florence Springer. Having acquired what she believed to be a better title than she had conveyed to appellee, the appellant commenced this

action to quiet title and to cancel the "Quite-Claim Deed" to appellee alleging that she had no title to the mineral interest covered by that deed at the time she executed it and that the deed from George to her was void because of numerous defects in the County Court proceedings. Appellee's motion for summary judgment was sustained by the lower court [1] on all issues in the case, except for the fact question as to when notice of the County Court hearing was served upon the Area Director. A hearing was held on that issue and the trial court found and held: Notice of the hearing was served upon the Area Director on November 23, 1951, within the time provided by law; the approval proceedings in the County Court were regular and proper; the deed from George to appellant was a good and proper conveyance and transferred all of his interest to appellant; and the "Quite-Claim Deed" from appellant to appellee conveyed the mineral interest involved herein to appellee. The title thereto was then quieted in the appellee. Appellant's motion for a new trial was overruled and this appeal resulted.

Appellant contends that title to the mineral interest in question was .not transferred to appellee by her quit-claim deed of March 12, 1952, since she did not have title to the mineral interest at that time and therefore could not convey it. This contention is based upon her argu-ment that the deed from George to her is void and did not effectuate a transfer of title to the mineral interest because the approval proceedings in the County Court were defective in the following respects: There was no order entered continuing the hearing on the petition for approval from December 4, 1951, to January 8, 1952, and no further notices of the January 8 hearing were ever given as required by law; there was no valid and timely notice of the hearing on the petition given for either December 4 or January 8 inasmuch as the notice served upon the Area Director gave only eight, rather than ten, days notice; and the sale on January 8 was a private, rather than a public, sale in violation of applicable statutes. Appellant further argues that the County Court acts ministerially and not judicially in approving such a conveyance and that, by reason of the defects in the proceedings, the County Court had no jurisdiction to approve the sale and deed from George to her.

The validity of the approval proceedings in the County Court and the merits of appellant's arguments must be determined in the light of the provisions of the Act of Congress of August 4, 1947, ch. 458, 61 Stat. 731, 25 U.S.C.A. § 355 note, in force and effect at that time.[2] Under those provisions a mineral interest in inherited and restricted Indian lands may not be conveyed by an Indian

---

1. Springer v. Townsend, 222 F.Supp. 231 (N.D.Okl.1963).

2. Section 1 of the Act of 1947 provides, in pertinent part, as follows:
    " * * * no conveyance, including an oil and gas or mineral lease, of any interest in land acquired before or after the date of this Act by an Indian heir or devisee of one-half or more Indian blood, when such interest in land was restricted in the hands of the person from whom such Indian heir or devisee acquired same, shall be valid unless approved in open court by the county court of the county in Oklahoma in which the land is situated; (b) that petition for approval of conveyance shall be set for hearing not less than ten days from date of filing, and notice of hearing thereon, signed by the county judge, reciting the consideration offered and a description of the land shall be given by publication in at least one issue of a newspaper of general circulation in the county where the land is located and written notice of such hearing shall be given to the probate attorney of the district in which the petition is filed at least ten days prior to the date on which the petition is to be heard. The grantor shall be present at said hearing and examined in open court before such conveyance shall be approved, unless the grantor and the probate attorney shall consent in writing that such hearing may be had and such conveyance approved in the absence of the grantor, and the court must be satisfied that the consideration has been paid in full. * * * The court in its discretion, when deemed for the best interest of the Indian, may approve the convey-

heir of one-half or more Indian blood unless the conveyance is approved in open court by the County Court in Oklahoma in which the land is situated. When a petition for such approval is filed, it must be set for hearing not less than 10 days from the date of filing and: (1) Notice of the hearing must be given by publication in a newspaper of general circulation in the county; (2) written notice of the hearing must be given to the probate attorney at least 10 days prior to the date of the hearing. The County Court has discretionary power to approve the conveyance conditionally or withhold approval and at the hearing " * * * competitive bidding may be had * * * ". The court may set the petition for further hearing when it deems it necessary to do so. Under § 10 of the Act of 1947, it is provided: "The preference right of the Secretary to purchase shall be considered as waived where notice of the pendency of sale is given in writing to the Superintendent of the Five Civilized Tribes for at least ten days prior to the date of sale and the Secretary does not within that time exercise the preferential right to purchase."

■■ Under this and other similar statutes, a deed from a fullblood Indian

to land inherited or devised from the allotee of such land is invalid and void unless it is approved by the County Court.[3] In the case at bar, the deed from George Barnett, Jr., a fullblood Indian, to appellant covering the land he had inherited from the allotee was approved by the County Court and therefore the only question is whether the approval proceedings in that court were so defective as to render them subject to collateral attack on jurisdictional grounds. The County Court, in approving such a deed, acts as a federal instrumentality[4] and in an administrative, rather than a judicial, capacity.[5] Nevertheless, it has been held: " * * * [S]uch order should be conclusive as to the jurisdiction of the court unless the want thereof affirmatively appeared upon the record, as is the rule applied to the court's decrees in probate. The record in such case consists of all documents filed in the proceeding and leading up to the final order of approval. If upon that record it affirmatively appear that the court was without jurisdiction, the order is of no force or effect. If such does not appear, jurisdiction is conclusively presumed in law. * * * "[6]

This court has said that the judgment of an Oklahoma County Court is " * * *

ance conditionally, or may withhold approval; (d) that at said hearing competitive bidding may be had and a conveyance may be confirmed in the name of the person offering the highest bid therefor or when deemed necessary the court may set the petition for further hearing; (e) that the probate attorney shall have the right to appeal from any order approving conveyances to the district court of the county in which the proceedings are conducted within the time and in the manner provided by the laws of the State of Oklahoma in cases of appeal in probate matters generally, except that no appeal bond shall be required; * * *. Notice of such sale shall be given to the probate attorney of the district in which the petition is filed at least ten days prior to the date on which the petition for sale is to be heard; * * *."

3. Goddard v. Frazier, 10 Cir., 156 F.2d 938, cert. denied, 329 U.S. 765, 67 S.Ct. 124, 91 L.Ed. 659; Grisso v. United

States, 10 Cir., 138 F.2d 996; Murray v. Ned, 10 Cir., 135 F.2d 407, cert. denied, 320 U.S. 781, 64 S.Ct. 188, 88 L.Ed. 469; McCurtain v. Palmer, 10 Cir., 121 F.2d 1009; United States v. Goldfeder, 10 Cir., 112 F.2d 615; Murphy v. Walkup, Okl., 258 P.2d 922; Parks v. Roach, 88 Okl. 19, 210 P. 402; Canfield v. Jack, 78 Okl. 127, 188 P. 1040, cert. denied, Canfield v. Brink, 253 U.S. 493, 40 S.Ct. 586, 64 L.Ed. 1029.

4. United States v. Goldfeder, supra; Chapman v. Tiger, Okl., 356 P.2d 571; Tiger v. Lozier, 124 Okl. 260, 256 P. 727, cert. denied, 275 U.S. 496, 48 S.Ct. 117, 72 L.Ed. 392; Molone v. Wamsley, 80 Okl. 181, 195 P. 484.

5. Kiker v. United States, 10 Cir., 63 F. 2d 957; In re Leaf's Deed, 180 Okl. 444, 70 P.2d 75; Silmon v. Rahhal, 178 Okl. 244, 62 P.2d 501; Haddock v. Shelton, 142 Okl. 202, 286 P. 329; Miller v. Gregory, 132 Okl. 48, 269 P. 302.

6. Silmon v. Rahhal, supra, 62 P.2d at 503.

not subject to collateral attack unless, of course, the absence of jurisdiction over the subject matter, or lack of power to render judgment, affirmatively appears from the face of the proceedings. * * " [7] This court has also held that under the Act of 1947: " * * * The County Court had jurisdiction to approve the deeds, and its orders thereon 'are entitled to the same favorable presumption and the same immunity from collateral attack as are accorded those of other courts of general jurisdiction.' * * " [8] We therefore agree with the lower court that Congress by the Act of April 12, 1926, ch. 115, 44 Stat. 240, 25 U.S.C.A. § 355 note,[9] " * * * attempted to stabilize the orders of approval thereafter made * * * " and " * * * such approval orders are not subject to impeachment except for extrinsic fraud or want of jurisdiction appearing on the judgment roll. Where the judgment roll or record clearly speaks, it is conclusive as to jurisdiction. If it is silent, it is presumed that jurisdiction existed. * * * " [10]

It is therefore apparent that our scope of review is limited to determining whether a lack of jurisdiction in the approval proceeding affirmatively appears from the record. It is true that the record fails to disclose a formal order was entered on December 4 continuing the hearing to January 8 and that no new notices of the January 8 hearing were given or published. But we do not think this is such a fatal defect as to deprive the court of jurisdiction. Certainly, it would seem that as a matter of good judicial housekeeping, a formal order of continuance should have been entered on the day of the continuance. Nevertheless, the January 8 order does recite that "for good cause shown" the hearing was continued and Section 1 of

the Act of 1947 specifically provides that " * * * when deemed necessary the court may set the petition for further hearing * * *." It does not require that new notices of the date for hearing be given when a continuance is granted. And, in any event, the record clearly shows that the Probate Attorney appeared and participated in the hearing on January 8. We conclude that the approval hearing was properly continued and new notices of that hearing were not required.

It is conceded by both parties that timely notice of the hearing is jurisdictional and unless served within the time provided by the statute, approval by the County Court of the conveyance is void. The trial court found that notice was served upon the Area Director on November 23, which is within the time provided by the statute and the record supports this finding. While the notice on file in the County Court purports to show an acknowledgment of service on November 26, 1951, it also shows a rubber stamp thereon indicating that service was made on November 23, more than 10 days prior to the hearing. If anything further is needed, the appropriate officials testified that according to the records of the Probate Attorney's Office the notice was served on November 23. Under these circumstances, we are bound by the trial court's findings and must hold that timely notice was given of the hearing.

There remains only the question of whether a public sale was required. Little need be said on that point. Section 1 of the Act of 1947 provides that " * * competitive bidding may be had * * " but, by those very terms, does not require competitive bidding or a public sale.

The judgment is affirmed.

7. Merrell v. United States, 10 Cir., 140 F.2d 602, 606.

8. Brown v. Stufflebean, 10 Cir., 187 F.2d 347, 353.

9. The Second Proviso of Section 9 of the Act of 1926 reads, in pertinent part, as follows:

" * * * [A]ll orders of the county court approving such conveyances of such land shall be in open court and shall be conclusive as to the jurisdiction of such court to approve such deed * * *."

10. Springer v. Townsend, supra, 222 F. Supp. at 236.