**Nellie Atkins ARMSTRONG, Plaintiff-Appellant,**

v.

**MAPLE LEAF APARTMENTS, LTD., a limited partnership, et al., Defendants-Appellees.**

No. 74–1286.

United States Court of Appeals, Tenth Circuit.

Argued Oct. 25, 1974.

Decided Dec. 12, 1974.

Rehearing Denied Feb. 21, 1975.

---

Jay C. Baker, Tulsa, Okl. (C. Rabon Martin and Christopher J. Grant, Tulsa, Okl., on the brief), for plaintiff-appellant.

Royce H. Savage, Tulsa, Okl., for defendant-appellee Maple Leaf Apartments, Ltd.

Chris L. Rhodes, III, James R. Ryan, James D. Groves, and Charles A. Whitebook, Tulsa, Okl., on the brief, for defendants-appellees.

Before LEWIS, Chief Judge, and HOLLOWAY and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

This appeal seeks reversal of a judgment which denied plaintiff a preliminary injunction incidental to an ejectment and quiet title action filed in the United States District Court for the Northern District of Oklahoma in which the plaintiff, a person of American Indian ancestry, sought to set aside a deed to land which had been allotted. Jurisdiction arises under 28 U.S.C. §§ 1331 and 1353.

The embattled conveyance was executed on December 3, 1965. This did not end the matter because by Act of Congress the conveyance of restricted land requires approval to be obtained from the county court in Oklahoma for the county in which the land was situated. Act of August 4, 1947, 61 Stat. 731.

■ Originally, the subject land had been allotted to Billy Atkins, a full-blood Creek Indian and had been restricted against alienation by the Act of May 27, 1908, 35 Stat. 312. Atkins died in 1929 and 120 acres, which included the land involved in this action, descended to plaintiff and her two brothers. They, in turn, effected a voluntary partition of the tract, part of which is involved in this action. It is unclear from the evidence whether plaintiff had a full interest in the tract or merely a one-third interest, but this is unimportant here. The Act of Congress contains restrictions on the alienation of land acquired by devise or inheritance from Indians whose land had been restricted and is absolute in its requirement that the conveyance in order to be valid has to be approved in open court.[1]

---

1. The statute in question reads:

[The] petition for approval of conveyance shall be set for hearing not less than ten days from date of filing, and notice of hearing thereon, signed by the county judge, reciting the consideration offered and a description of the land shall be given by publication in at least one issue of a newspaper of general circulation in the county where the land is located and written notice of such hearing shall be given to the probate attorney of the district in which the petition is filed at least ten days prior to the date on which the petition is to be heard. *The grantor shall be present at said hearing and examined in open court before such conveyance shall be approved, unless the grantor and the probate attorney shall consent in writing that such hearing may be had and such conveyance approved in the absence of the grantor,* and the court must be satisfied that the consideration has been paid in full. (Emphasis added.)

Section 1(b), Act of August 4, 1947, 61 Stat. 731.

Plaintiff is unquestionably a one-half blood Creek Indian who meets the terms of the statute.

The evidence at the hearing established that plaintiff had first given the option to sell this property in 1964. Subsequently, there was an assignment to H. Harold Becko who was named as a defendant only after he had filed a petition seeking approval of the conveyance. Very soon after she had executed the option, the plaintiff apparently entertained doubts about conveying the property. She consulted her then attorney who told her that she could not avoid conveying the property even in the face of the fact that one of the checks given for the option was dishonored. Notwithstanding her change of mind, she executed the warranty deed to H. Harold Becko on December 3, 1965 for a consideration of $107,100.

We have noted that the necessary approval of the county court was not obtained at the time of conveyance. At trial Mr. Petrik, the attorney who had represented plaintiff in connection with the conveyance, testified that plaintiff would have asked the court not to approve the deed had she had an opportunity to do so. No such consent was then sought. The evidence further established that neither Mr. Petrik nor plaintiff knew of the restriction or the necessity for approval.

Becko conveyed the land to one C. H. Rosenstein, trustee, who quit-claimed to Manual Brown, who conveyed to Broken Arrow Mall, Inc., from which the present defendant Maple Leaf Apartments acquired its title. There has been substantial improvement since the original conveyance.

The action here was filed in the United States District Court for the Northern District of Oklahoma February 22, 1974, soon after appellant became aware that the land was restricted. Subsequently (on March 4, 1974), Becko instituted proceedings in the Probate Division of the District Court of Tulsa County, Oklahoma in which he sought to have the 1965 deed retroactively approved.

The probate division ordered that the approval hearing would be conducted without competitive bidding. It issued a subpoena commanding the presence of plaintiff at the hearing. She did not, however, appear but filed a motion to dismiss March 12, 1974. Following this, the plaintiffs in the action, defendants-appellees here, sought a writ of attachment from the state district court and the judge of the probate division presently has under advisement the issuance of the requested warrant for Mrs. Armstrong's arrest. The District Court for the Northern District of Oklahoma denied plaintiff's motion for a preliminary injunction against the state court action. That court did not, however, dismiss the case. It retained jurisdiction over the ejectment suit pending the outcome of the state court proceedings. It is the denial of the preliminary injunction which is before us. Pending this appeal the parties have stipulated to hold the probate proceedings in abeyance.

I.

We first consider whether the pertinent statute allows the Oklahoma court to approve a conveyance of restricted land without the consent of and indeed over the protest of the Indian grantor of such land. If the statute allows this to be done it would then follow that the Oklahoma district court (probate division) would be entitled to proceed and that the federal district court's ruling denying the preliminary injunction was correct. We must hold that the denial of relief was not correct. In our judgment the court's approval of the conveyance cannot be given without the consent of or over the objection of the Indian grantor.

The statute itself considered in context with the general scheme of similar statutes dating back to 1906 defining and providing procedures for restrictions on Indian lands furnishes an initial answer. The major effect of the 1947 Act was to extend restrictions on lands held by full-blood Indians in the Five Civilized Tribes to half-blood Indians who

had received the lands by devise or inheritance; the result is that the underlying policy applicable to full-blood Indians was extended to half-blood heirs.

Unquestionably the object of the restrictions was to protect the Indians from improvident dispositions resulting from overreaching by members of other races. Alonzo v. United States, 249 F.2d 189 (10 Cir. 1957), cert. denied, 355 U.S. 940, 78 S.Ct. 429, 2 L.Ed.2d 421 (1958).[2]

There is little recorded legislative history. There were hearings, however, before the House Public Lands Committee which were not printed. These are described by W. F. Semple in his book, Oklahoma Indian Land Titles 811 (1952). In commenting on the procedure to be followed in the 1947 Act, Semple states that a first step is the filing in the county court (which was then the proper court) of a verified petition signed by the grantors "asking for approval." [3]

The statute itself is not complex. It calls for prompt hearing, for recitation of the amount of the consideration and for a description of the land to be contained in a public notice. A further requirement is that the grantor shall be present at the hearing and shall be examined in open court. Still a further proviso is that this presence can be obviated if the grantor and the probate attorney consent in writing. In such a case the hearing and approval may be had in the absence of the grantor.

Every provision of this statute deals with the rights of the grantor. There is no provision which suggests that the grantee can obtain an approval from the judge in the absence of or over the objection of the grantor. Maple Leaf's argument is that the Act gives the state court exclusive jurisdiction to grant or withhold approval. From this it is reasoned that the court has authority to grant approval even if the grantor is compelled to be present. They thus view presence as a token presence. We disagree. Such a ruling would run counter to the purpose, the spirit and for that matter the language of the statute. This Act of Congress contains no provision to relieve the grantee. It does not contemplate having an adversary hearing and what would amount to a specific performance decree in the state court. It is designed to have a court ascertain whether advantage had been taken of the Indian. It contemplates that the Indian or the probate attorney would ask for the approval soon after the contract to convey was made.

We do not say that the lapse of time between the conveyance and the requested approval in and of itself constitutes an impediment. Snell v. Canard, 95 Okl. 145, 218 P. 813 (1923), appeal dismissed, 267 U.S. 578, 45 S.Ct. 350, 69 L.Ed. 797 (1925); Hope v. Foley, 57 Okl. 513, 157 P. 727 (1916). As shown here, it does have a practical consequence. The failure to seek the approval at the very time of the proposed conveyance creates a problem like the present one.

Expert testimony given by the Field Solicitor for the Department of Interior is, however, very significant. This witness testified that in his experience and to his knowledge such a deed had never been approved over the objection of the Indian grantor. He added that in his experience when an Indian grantor notified the court that he did not wish to approve the deed the court customarily immediately dismissed the case. He further said that the Department's interpretation of the Act was that the consent of

---

2. *See also* Sunderland v. United States, 266 U.S. 226, 45 S.Ct. 64, 69 L.Ed. 259 (1924); United States v. Bowling, 256 U.S. 484, 41 S.Ct. 561, 65 L.Ed. 1054 (1921); Heckman v. United States, 224 U.S. 413, 32 S.Ct. 424, 56 L.Ed. 820 (1912); Goddard v. Frazier, 156 F.2d 938 (10th Cir. 1946), cert. denied, 329 U.S. 765, 67 S.Ct. 124, 91 L.Ed. 659 (1946); Drummond v. United States, 131 F.2d 568 (10th Cir. 1942).

3. Semple, who helped draft the 1947 Act, obviously did not contemplate that the court could approve a conveyance over the Indian grantor's objection. The thread which runs through all of his discussions of the law pertaining to Indian land is protection of the Indian against the excesses of the white man.

the Indian was essential to approval by the court.

Furthermore, the Department of Interior's construction has been approved in a closely analogous situation by the Court of Appeals for the Ninth Circuit in Bacher v. Patencio, 232 F.Supp. 939 (S.D.Cal.1964), aff'd per curiam, 368 F.2d 1010 (9th Cir. 1966), a decision which expresses our view. The district court there said:

> From the complaint's own allegations it seems clear that either an expressed or implied term and condition of the Area Director's approval of the arrangement to sell Patencio's land was that Patencio himself remain willing to receive the fee patent up to the time of its actual issuance and delivery to him. . . . [I]t has been decided that where a fee patent is issued without the application or consent of the Indian it is invalid and cancellable. . . . In the case now before this Court Patencio applied for the patent, but if it is now issued it will be against his will, since that application has been withdrawn. The beneficent attitude of the United States toward its Indian wards is reason enough for refusal to issue fee patents without consent.

232 F.Supp. at 943–944.

Finally, the requirement of court approval would be rendered meaningless if it could be circumvented by compelling the Indian to be present against his will or by approving the deed even though the Indian grantor refused to give consent.

■ Accordingly, we must hold, considering the language of the statute, its history and purpose, that neither forced appearance nor approval over the grantor's objection is permissible.

## II.

■ We next consider whether a federal court injunction should have issued prohibiting the proceedings in Oklahoma probate court. Defendants-appellees' position is that the federal court lacked jurisdiction to enjoin the proceedings in the probate court. Plaintiff, on the other hand, contends that there was an abuse of discretion in the refusal to grant the relief. We conclude that an injunction should have been issued for the following reasons:

■ *First*, the Act of Congress, 28 U.S.C. § 2283, which prohibits federal court injunctions to stay proceedings in state court except as authorized by Act of Congress or where necessary in aid of the court's jurisdiction or to protect or effectuate its judgments is not applicable for the reason that the probate division acting under the 1947 statute is not performing a state judicial function. Instead it is fulfilling a federal ministerial or administrative function. *See* Parker v. Richard, 250 U.S. 235, 39 S.Ct. 442, 63 L.Ed. 954 (1919); Springer v. Townsend, 336 F.2d 397 (10th Cir. 1964); United States v. Goldfeder, 112 F.2d 615 (10th Cir. 1940); United States v. Easley, 33 F.Supp. 442 (E.D.Okl.1940). In *Springer* we concluded that the probate division of the court acts as a federal instrumentality and functions in an administrative rather than a judicial capacity. Hence, an important requisite of the Anti-Injunction Act is not present. *Cf.* Roudebush v. Hartke, 405 U.S. 15, 20, 92 S.Ct. 804, 31 L.Ed.2d 1 (1972).

■ *Second*, contrary to the alternative argument of defendants-appellees, the doctrine of primary jurisdiction is not applicable because the federal district court and the probate division do not both have jurisdiction over the subject matter and this condition is essential to application of the primary jurisdiction doctrine. *See* 3 K. Davis, Administrative Law Treatise § 19.01 (1958).

■ The sole question is whether the probate division is acting in excess of its jurisdiction. This issue of law involves a federal statute and is thus federal in nature. Thus, the federal court is an appropriate tribunal to decide it. Moreover, the probate division is not entitled to determine whether is has initial jurisdiction. *Cf.* Macauley v. Waterman S.S.

Corp., 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839 (1946). In *Macauley* there was a question of fact to be determined by the administrative tribunal. Here, however, as we have noted, the issue is purely legal, an interpretation of an Act of Congress, and the federal district court is highly qualified to perform this function. We must conclude that it is for the federal court to decide whether the statute allows the proceedings to be held over the objections of the Indian grantor. On the other hand, the probate division is restricted to inquire as to whether the transaction was fair to the consenting Indian.

*Third,* the Act of Congress is subject to interpretation that there is no appeal for the plaintiff-appellant from the probate division. The only express provision is granted to the probate attorney. This would mean that the Indian would have to resort to an extraordinary writ which would create an unfair impediment.[4]

There exists, then, no legal obstacle to the granting of injunctive relief prohibiting the proceedings in the Probate Division in the District Court for the County of Tulsa, Oklahoma.

We are mindful that this is somewhat inequitable to Maple Leaf. In its present posture the plaintiff-appellant, who has not returned the purchase price, would succeed in having title to the land. This question is not before us, but undoubtedly the district court can on remand and in connection with its ejection suit on its merits adjust the equities between these parties.

### III.

### ABUSE OF DISCRETION IN DENYING PRELIMINARY INJUNCTION

The trial court found that plaintiff had not sustained the burden of establishing circumstances warranting the granting of a preliminary injunction.

Relief was denied because: 1) construction on the property has been halted to the financial detriment of some of defendants—to grant the injunction would cause further financial loss to defendants and to deny it would not cause substantial financial loss to plaintiff; 2) plaintiff failed to convince the court that the state proceedings cannot proceed over her objection; 3) plaintiff has adequate remedies available in the state court, including the right to appeal; and 4) the state court should be allowed to perform its function under the Act.

In Crowther v. Seaborg, 415 F.2d 437 (10th Cir. 1969) this court said:

> The application for a preliminary injunction is directed to the judicial discretion of the trial court. Before an appellate court may set aside that court's action, the appellate court must be able to say that the trial court's action, as a matter of law, was clearly erroneous or that it was the result of an improvident exercise of judicial discretion. . . . In hearings upon motions for temporary or preliminary injunctive relief, the burden is upon the one requesting such relief to make a prima facie case showing a reasonable probability that he will ultimately be entitled to the relief sought. The applicant has the additional burden of showing a right to the specific injunctive relief sought because of irreparable injury that will result if the injunction is not granted. There must exist a probable right and a probable danger.

415 F.2d at 439.

■ Plaintiff here has shown a probable right and a probable danger. The trial court correctly found that approval of the deed is a condition subsequent to its validity. Pickering v. Lomax, 145 U.S. 310, 12 S.Ct. 860, 36 L.Ed. 716 (1892). We have concluded that a proper construction of the 1947 Act prohibits

---

4. This lack of express right to appeal bolsters our conclusion that the probate division has no authority to entertain an adversary proceeding such as that which Maple Leaf would seek to have it entertain.

the state court hearing from proceeding over the objections of the grantor.

If the state court were to act over the objection of Mrs. Armstrong, it would be acting outside the law and without jurisdiction. Eventually there could be a correction of an invalid approval of the deed, but this would occur only after much appealing and perhaps a collateral attack in federal court. Such appeals might prove futile because there is no clear provision for appeal.[5]

■■■ The trial court found that some of defendants are suffering substantial financial loss as a result of the pendency of this action. We are painfully aware of this. Certainly an injunction which prohibits them from even seeking retroactive approval of the deed will cause further loss. But approval of the deed is essential to their having a right or interest in the property. A deed without this requisite approval conveys no interest in the land. Grisso v. United States, 138 F.2d 996 (10th Cir. 1943). Thus, defendants' losses are a result of their reliance on a deed conceded to be invalid at this time.[6] The grant of a preliminary injunction would cause cognizable injury to defendants only if the state district court could legally grant approval of the deed over the objection of and without the presence of Mrs. Armstrong. Since the Act precludes even the holding of the hearing over the objection of the Indian grantor, defendants' losses cannot be considered as a substantial factor in the decision to grant a preliminary injunction.

It is apparent that the grounds on which the trial court denied the injunction are without foundation. Plaintiff has shown both a probable right and a probable danger, and there is no competing interest asserted by defendants sufficient to justify a denial of the injunction.

The judgment of the district court is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.

LEWIS, Chief Judge (dissenting).

This appeal asks us to interpret the Act of August 4, 1947, ch. 458, 61 Stat. 731. Concededly, the Act is no model of clarity. Whether it requires the appropriate Oklahoma county court, acting in an exclusive delegated statutory capacity,[1] to divine the grantor's "consent," or whether it requires that court to determine whether the conveyance was for adequate consideration and thus not a product of overreaching, is unclear. And neither the legislative history nor the case law, sparse as it is, provides much assistance. Nevertheless, whether such doubt be resolved in the plaintiff's favor or not, I cannot conclude that it is necessary to the preservation of plaintiff's rights that her motion for a preliminary injunction be granted. If, under the Act, the grantor's objection—made for whatever reason, or for no reason, and made at any time—is sufficient cause to require the Oklahoma court to refuse to approve the conveyance, then the plaintiff's remedy in that court is complete and no reason for the preliminary injunction appears. If, on the other hand, the Act requires that the Oklahoma court investigate the objective equities of the conveyance—rather than the subjective state of mind of the grantor—, then, again, no reason appears for the preliminary injunction, for no irreparable

---

5. The 1947 Act allows the probate attorney to appeal a decision of approval to the next appellate court (*see*, 25 C.F.R. § 16.7 (1974)). It is not clear whether other parties are entitled to appeal.

6. *See* McCurtain v. Palmer, 121 F.2d 1009 (10th Cir. 1941); United States v. Brown, 8 F.2d 564 (8th Cir. 1925), cert. denied, 270 U.S. 644, 46 S.Ct. 210, 70 L.Ed. 777 (1926) holding that unapproved deeds must be cancelled whether or not the conveyances were made in good faith and for adequate consideration.

1. The Act of August 4, 1947, ch. 458, § 1(b), 61 Stat. 732, provides, in part, that "[p]roceedings for approval of conveyances by restricted heirs or devisees under this section shall not be removable to the Federal court . . . ."

injury could result lest we hold that such injury could occur from the performance by the Oklahoma court of its duties under the Act. That I am unwilling to do, and I must therefore respectfully dissent.