**Doris A. WEST, Appellant,**

v.

**Elizabeth R. GARRETT et al., Appellees.**

**No. 24431.**

United States Court of Appeals
Fifth Circuit.

April 11, 1968.

Arnold B. Miller, Huntsville, Ala., for appellant.

Macon L. Weaver, U. S. Atty., Birmingham, Ala., Alan S. Rosenthal, Walter H. Fleischer, Attys., Dept. of Justice, Washington, D. C., for appellees.

Before THORNBERRY, AINSWORTH and DYER, Circuit Judges.

PER CURIAM:

This libel suit grew out of an intra-office memorandum written by defendants-appellees and submitted to the Deputy Civilian Personnel Officer of the Command, who is in the supervisory

**544**

chain over appellees but is not their immediate superior. In this memorandum, the employees complained that appellant, Dorothy West, was causing strained relations and bad morale in their office by her attitude toward her co-workers, her immediate superior, and her work. The memorandum resulted in appellant's transfer to another office and thereafter she filed this libel action against eleven of her co-workers at the U. S. Army Missile Command, Redstone Arsenal, Huntsville, Alabama. The case was removed to the federal court under 28 U.S.C. § 1442 (a) (1) where the district court entered a summary judgment for appellees, reasoning that the filing of a complaint about a fellow employee's attitude was "within the outer perimeter" of appellees' official duties and thereby privileged. Appellant had argued against this because she contended that the complaint had not been submitted through the proper channels. The district court disagreed, holding that the regulations had been followed and even if appellees did not comply with the technical requirements for submission of complaints, this failure did not create a cause of action for libel.

 We agree with the district court that under Barr v. Matteo, 1959, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434, a federal officer's action or statement need only be within the "outer perimeter" of his line of duty in order to be privileged and that the conduct here was within this "outer perimeter" because it is clear that federal employees have a duty to file complaints about fellow employees' attitudes in situations like the present. The case of Preble v. Johnson, 10th Cir. 1960, 275 F.2d 275, 278–279 is squarely in point:

> Surely these federal servants had a clear duty to report to proper authorities causes of disruption in the services they perform, or affecting such services, at the peril of being indifferent if not derelict in their responsibilities. Moreover, with one exception, viz., Parrish, the utterances were made

internally in response to inquiries that on their face were manifestly proper. And assuredly the privilege of these employees does not turn upon whether they independently and accurately ascertained the technical correctness of the grievance proceeding. With reference to Parrish, whose privilege is most strenuously challenged, he acted pursuant to a positive mandate of law. And even if his acts did not accord with prescribed formalities, we cannot believe he was acting outside his appropriate authority in reducing to writing his reasons for Preble's discharge.

 Since the written complaint submitted to a superior is privileged, we also agree with the district court that it should not become unprivileged as a matter of libel law by reason of having been submitted to the wrong superior. Therefore, the decision of the district court is affirmed.