**DADE COUNTY CLASSROOM TEACH-ERS' ASSOCIATION, Inc., et al., Plaintiffs-Appellants,**

v.

**Raymond G. NATHAN, as Judge, Etc., et al., Defendants-Appellees.**

**No. 27428.**

United States Court of Appeals
Fifth Circuit.

July 7, 1969.

Tobias Simon, Miami, Fla., for plaintiffs-appellants.

Marion E. Sibley, Irving B. Levenson, Miami Beach, Fla., Leonard H. Rubin, Miami, Fla., pro se, for defendants-appellees.

Before BROWN, Chief Judge, DYER, Circuit Judge, and HUNTER, District Judge.

PER CURIAM:

By their suit in the District Court the appellants [1] sought a declaration that, by reason of the method of its issuance, a state judge had no jurisdiction to enter an injunction against them, further seeking to enjoin indirect criminal contempt proceedings in the state courts of Florida against them for having allegedly violated the injunction. Their complaint was dismissed with prejudice. We affirm.

On February 19, 1968, at the behest of the CTA there was a massive work stoppage by the teachers in Florida. The teachers announced that they were resigning because a number of their demands to improve the quality of education had not been met. On February 20, 1968, a taxpayer, the father of a child attending school, brought suit seeking injunctive relief against the CTA. On February 22 and 23, 1968, the state court enjoined the CTA from encouraging a concerted work stoppage. On February 28, 1968, the state court held a hearing and found that the CTA had wilfully violated the injunction and had deliberately disobeyed and defied the court's orders and imposed upon CTA a fine of $30,-000.00. CTA prosecuted an appeal from the temporary injunctions and the order of contempt. On December 10, 1968, the Supreme Court of Florida in its decision and opinion found that the CTA had "alleged deprivation of rights of speech, assembly and petition under amendments 1 and 14, U.S. Constitution," and determined the constitutional issues against CTA's contentions. That Court also decided that there was no merit to the jurisdictional questions raised concerning the February 23 injunction which formed the predicate for the contempt adjudica-

---

1. For convenience the appellants will be collectively referred to as CTA.

tion challenged by the CTA. The Florida Supreme Court, however, reversed the trial court and remanded for a trial by jury upon the grounds that the CTA was denied a jury trial.

The state court on January 21, 1969, issued its. Rule Nisi in Contempt Proceedings for a jury trial to be held on March 31, 1969. On January 29, 1969, this suit was filed in the District Court and upon motion of the state court judge the complaint was dismissed. This appeal ensued.

On March 7, 1969, the state court denied the response filed by CTA that the injunction upon which the Rule Nisi was based was void because it was issued ex parte. CTA appealed this to the Supreme Court of Florida "solely and squarely on the invalidity of the injunction because of a basic infirmity in the procedure by which it was obtained." The Florida Supreme Court has accepted jurisdiction of this appeal.

The chronology that we have detailed makes it clear that the federal questions now attempted to be asserted by CTA are the very same federal questions asserted, litigated and reviewed on appeal by the Supreme Court of Florida. Moreover, the path of review to the Supreme Court of Florida and the Supreme Court of the United States is again open.

■ The CTA sums up its position as follows: "We contend that the state court injunction sought to be enforced is void *by reason of the method of its issuance,* and we have already conceded that if the injunction is not void, the decision below should be affirmed." Since the Supreme Court of Florida has already passed upon this question it was not open to review by the United States District Court. Rooker v. Fidelity Trust Co., 1923, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362; Jones v. Hulse, 8 Cir. 1968,, 391 F.2d 198; Warriner v. Fink, 5 Cir. 1962, 307 F.2d 933; Manufacturers Record Publishing Co. v. Lauer, 5 Cir. 1959, 268 F.2d 187.

■ In the posture of this case we think it is clear that Carroll v. President

and Commissioners of Princess Anne, 1968, 393 U.S. 175, 89 S.Ct. 347, 21 L.Ed. 2d 325; Dombrowski v. Pfister, 1965, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22, and Zwickler v. Koota, 1967, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444, relied on by CTA are inapposite. In *Carroll* an injunction was issued ex parte enjoining a white supremacist organization from holding a rally for ten days. Here the Supreme Court of Florida has held that the February 23, 1968, injunction was not issued ex parte. In *Dombrowski* and *Zwickler* the parties seeking an injunction were engaged in activities relating directly to free speech and the allegation was made that the prosecution was an unconstitutional scheme to impinge on their freedom of expression. We have nothing of the kind here. To paraphrase from the recent decision of Wilson v. Simon, U.S.D.C. N.Ill., 299 F.Supp. 305 (April 30, 1969), running through the argument of CTA is the notion that its claims will not be fairly heard by the state court. This unsupported notion does not void the assumption of fairness. "As flattering as the thought may be, this federal court has no monopoly on virtue."

Affirmed.