**Laurence FROMMHAGEN, Plaintiff-Appellant,**

v.

**Henry GLAZER et al., Defendants-Appellees.**

**No. 23536.**

United States Court of Appeals, Ninth Circuit.

April 27, 1971.

Rehearing Denied June 8, 1971.

---

1. The appropriateness of the procedures are not now before us, and, therefore, we make no comment on their substance.

Laurence H. Frommhagen (argued), in pro. per.

Sheldon Deutsch, Asst. U. S. Atty. (argued), James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for appellees.

Before HAMLEY, DUNIWAY and ELY, Circuit Judges.

DUNIWAY, Circuit Judge:

In this libel action, removed to the district court under 28 U.S.C. §§ 1441(a), 1442(a) (1), plaintiff Frommhagen appeals from a summary judgment against him. We affirm.

The affidavits and exhibits on file reveal the following uncontradicted facts.

Frommhagen and Glazer were employed by the National Aeronautics and Space Administration (NASA), an agency of the United States Government, Glazer as Chief Counsel of the Ames Research Center (Ames) of NASA, at Moffet Field, California, and Frommhagen as a scientist at Ames. Frommhagen was not in Glazer's line of supervision.

Pursuant to the Civil Service Commission's Federal Personnel Manual, Chap. 771, subchap. 1 (Inst. 92, July 21, 1967), and the NASA Supplement to that *Manual,* Ames established a grievance procedure for its employees. Ames Management Manual, AMM 3771–1 (May 17, 1965). During January 1968 hearings were held under that procedure on grievances filed by Frommhagen against Glazer and four other senior officials of Ames. Glazer testified under oath at the hearings. On March 22, 1968, Frommhagen sent a letter to Paul Dembling, General Counsel of NASA, in Washington, D. C., in which Frommhagen commented adversely upon Glazer's actions with respect to the grievance proceedings. Glazer read that letter as accusing him of perjury and therefore as defamatory, and on March 28, 1968, he sent Frommhagen an inter-office memorandum demanding a retraction. In a return memorandum sent the following day, Frommhagen declined to retract. Frommhagen sent copies of his memorandum to three NASA officials senior to Glazer, including Dembling.

On April 1, 1968, Glazer responded with the following memorandum:

"NASA-Ames
Moffett Field, California
April 1, 1968

MEMORANDUM to Dr. Laurence H. Frommhagen
Senior Scientist
Life Detection Systems Branch

From: Mr. J. Henry Glazer
Chief Counsel

Subject: Defamation

You have libeled me before the General Counsel of NASA, the ARC Associate Director, the ARC Assistant Director for Administration and possibly others as a result of the reckless statements made in your memoranda of March 22nd and March 29th. You were given an opportunity—more in the nature of a 'sporting chance'—to retract your libelous statements, but I can only gather from the responses in your memorandum of 29 March that you are either too arrogant or too stupid to really understand what you have done. By copy of this memorandum (with attachments) to the Chief of the ARC Personnel Division I am formally charging you with libeling me before senior NASA officials, and registering a request that appropriate disciplinary action be taken against you consonant with agency procedures.

Hopefully you will spare me from further memoranda even though they have been a source of unbridled enjoyment in my office. But in the face of the Vietnam War, the attack upon the dollar, the riots in the cities, and the NASA budget cuts, it is simply

immoral, in this time of crises Dr. Frommhagen, for any civil servant to sit idly at his desk and unduly amuse himself by unraveling the leitmotif surrounding a certain ego-centered hero who appears, and re-appears, in your. writings. I am truly sorry for you and sorry that, *after much provocation,* you have forced me to institute disciplinary proceedings against you. JHG:caw"

A copy was sent to Miss M. Helen Davies, Chief of the Ames Personnel Division. Blind copies were sent to the recipients of Frommhagen's earlier memoranda (including Dembling). No other persons received copies. It is immaterial whether this be considered an inter-office memorandum or, as Frommhagen argues, a "personal letter."

On April 10, 1968, Glazer sent a lengthy memorandum to Miss Davies formally invoking the Ames grievance procedure against Frommhagen. A NASA Regulation, entitled "Table of Disciplinary Offenses and Penalties for Employees in the National Aeronautics & Space Administration," provides penalties for numerous offenses, including: "14. Making false or unfounded statements which are slanderous or defamatory about other employees or officials."

Frommhagen's action for libel was based entirely upon Glazer's memorandum of April 1, 1968. In an affidavit, John F. Parsons, Associate Director of Ames and immediate supervisor of Glazer, stated:

"That incident to the performance of his duties as Chief Counsel of the NASA-Ames Research Center, [Glazer] was acting wholly within the scope of his federal employment, and fully within the exercise of his prerogatives, to send or cause to be sent the said April 1st inter-office memorandum to [Frommhagen] and to circulate copies of the same on federal premises, to [me] and to those NASA officials [to whom he sent copies] as well as to any other NASA official.

"That notwithstanding the federal office which he holds as Chief Counsel of the NASA-Ames Research Center, [Glazer] merely by virtue of federal employment with NASA was authorized to send or cause to be sent without recourse to, or approval from, any NASA official the April 1st inter-office memorandum under the circumstances described since the same constitues a request, or petition, to the management of the NASA-Ames Research Center to institute agency disciplinary action against [Frommhagen] for alleged misconduct in libelling [Glazer] in official communications with principal officers of NASA, and that any employee of the NASA-Ames Research Center may so petition the management of the Center."

The district judge found that Glazer acted under color of federal office in writing and circulating the memorandum, and that Glazer was therefore immune from personal liability for those acts. In this, the court was right. Barr v. Matteo, 1959, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434. The principal significant difference between this case and Barr v. Matteo is that there the alleged libel was in an agency press release, whereas here Glazer's memorandum was sent only to persons within the agency, and each of them was a person to whom it was proper for him to send it. Thus this is a stronger case for immunity than Barr v. Matteo. See dissenting opinion of Chief Justice Warren, 360 U.S. at 583–584, 79 S.Ct. 1335, 3 L.Ed. 2d 1434. See also Howard v. Lyons, 1959, 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed. 2d 1454. *See* Preble v. Johnson, 10 Cir., 1960, 275 F.2d 275, 277–279; *cf.* West v. Garrett, 5 Cir., 1968, 392 F.2d 543, 544.

Affirmed.