**John R. ZIMMERMAN, and Billie Zimmerman, Plaintiffs,**

v.

**U. S. District Judge Adrian A. SPEARS, Jr., et al., Defendants.**

**Civ. No. SA–76–CA–260.**

United States District Court, W. D. Texas, San Antonio Division.

Jan. 3, 1977.

John R. Zimmerman and Billie Zimmerman, pro se.

John E. Clark, U. S. Atty., Hugh P. Shovlin, Asst. U. S. Atty., San Antonio, Tex., for defendants.

## MEMORANDUM OPINION

JOHN H. WOOD, Jr., District Judge.

The Plaintiffs, pro se, have filed a 23 page complaint plus numerous exhibits complaining of the action of several federal judges and other individuals associated with the United States Attorney's Office, the I.R.S, the U.S. Marshal's Service, and the District Clerk. The complaints arise out of the actions of these individuals in judicially enforcing I.R.S. Summonses directed to

Plaintiffs in cause number SA–76–CA–152. After examining the record in the prior proceeding and the pleadings and supporting affidavits in the instant case, the Court finds the Defendants in this case were acting in their official capacities and within their official duties at all times relevant to the allegations in the complaint and are, accordingly, immune from civil suit.

## JUDICIAL IMMUNITY

■ The Plaintiffs' allegations concerning the Judicial Defendants and the record in SA–76–CA–152 clearly show that their actions were well within the scope of their judicial duties.

In the leading case of *Pierson v. Ray*, 386 U.S. 547, 553–554, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288 (1967), the Supreme Court described the very broad situation in which absolute judicial immunity is appropriate:

Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335 [20 L.Ed. 646] (1872). This immunity applies even when the judge is accused of acting maliciously and corruptly, . . . It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants.

Thus judicial officers are immune from suit for damages for acts performed in the discharge of their official duties. *Bradley v. Fisher*, 80 U.S. 335, 20 L.Ed. 646 (1872); *Grundstrom v. Darnell*, 531 F.2d 272 (5th Cir. 1976); *Collins v. Moore*, 441 F.2d 550 (5th Cir. 1971); *Guedry v. Ford*, 431 F.2d 660 (5th Cir. 1970); *Carmack v. Gibson*, 363 F.2d 862 (5th Cir. 1966). The doctrine of judicial immunity applies to a proceeding in which injunctive or other equitable relief is sought, as well as to suits for money damages. The reasons for the rule of judicial immunity apply regardless of the nature of the relief sought.

## IMMUNITY OF UNITED STATES ATTORNEY, ASSISTANT UNITED STATES ATTORNEY AND DEPUTY CLERK OF THE COURT

■ The United States Attorney, Assistant United States Attorney and Deputy Clerk of the Court are being sued in their individual capacities. It is clear that the alleged actions against the attorneys forming the basis of the complaint in this action are judicial or prosecutorial in nature and therefore entitled to absolute immunity.

Courts have long held that prosecuting officials such as United States Attorneys and Assistant United States Attorneys are quasi-judicial officials and therefore not liable for damages in connection with official prosecution and other official responsibilities. *Fine v. New York*, 529 F.2d 70, 73 (2d Cir. 1975); *Guedry v. Ford*, 431 F.2d 660 (5th Cir. 1970); *Wilhelm v. Turner*, 431 F.2d 177 (8th Cir. 1970), *cert. denied*, 401 U.S. 947, 91 S.Ct. 919, 28 L.Ed.2d 230 (1971); *Marlowe v. Coakley*, 404 F.2d 70 (9th Cir. 1968); *Bauers v. Heisel*, 361 F.2d 581 (3d Cir. 1966); *Turner v. American Bar Ass'n*, 407 F.Supp. 451 (W.D.Wis.1975).

This doctrine of absolute immunity was reiterated in the recent case of *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976):

The common-law immunity of a prosecutor is based upon the same considerations that underline the common-law immunities of judges and grand jurors acting within the scope of their duties. These include concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust . . .

■ The Court went on to hold that this immunity was not abrogated by 42 U.S.C. § 1983. A civil action against the United States Attorney and the Assistant United States Attorney is therefore barred by the doctrine of absolute immunity.

■ The clerks of court are also entitled to immunity the same as judges when performing their duties. *Davis v. McAteer*, 431 F.2d 81 (8th Cir. 1970); *Stewart v. Minnick*, 409 F.2d 826 (9th Cir. 1969); *Rudnicki v. McCormack*, 210 F.Supp. 905 (D.R.I. 1962).

## IMMUNITY OF THE UNITED STATES MARSHALS AND THE INTERNAL REVENUE SERVICE OFFICERS

The complaint and the record in this case establish that the actions taken by these federal defendants were made in good faith.

■ A long line of decisions have established the principle that officials will be held immune from liability for their acts within the outer perimeter of their official duties despite the fact that the official has a low rank in the executive hierarchy. *Barr v. Matteo*, 360 U.S. 564, 571, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); *Howard v. Lyons*, 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed.2d 1454 (1959); *Spalding v. Vilas*, 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780 (1896); *Peterson v. Weinberger*, 508 F.2d 45 (5th Cir. 1975); *West v. Garrett*, 392 F.2d 543 (5th Cir. 1968).

This doctrine is premised upon the important public interest requiring that public officials be free from continual fear that their official actions will subject them to personal damage suits, thereby diverting their time and attention and impeding the vigorous performance of their duties.

As the Supreme Court observed in *Barr, supra,*

It has been thought important that officials of government should be free to exercise their duties unembarrassed by the fear of damage suits in respect of acts done in the course of those duties— suits which would consume time and energy which would otherwise be devoted to governmental service and the threat of which might appreciably inhibit the fearless, vigorous, and effective administration of policies of government. [360 U.S. at 571, 79 S.Ct. at 1339.]

Some Courts, however, have carved out certain narrow exemptions to the rule of absolute immunity and have discussed the doctrine in terms of a qualified good faith immunity. In Section 1983 actions and actions against law enforcement officers, for example, the Supreme Court has held that only a qualified good faith immunity is available to federal defendants in order to prevent that statute from being "drained of meaning." *Scheuer v. Rhodes*, 416 U.S. 232, 248, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). *See also, Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975); *Smart v. Jones*, 530 F.2d 64 (5th Cir. 1976).

■ Even under this qualified good faith immunity, these defendants are immune from suit. It is therefore clear that under either the absolute immunity described in *Barr* or the qualified immunity described in *Scheuer*, these Defendants are not civilly liable to the Plaintiff.

## NO DECLARATORY OR INJUNCTIVE RELIEF SHOULD BE ENTERED

The Plaintiffs have further requested that the Court compel the United States Attorney to show cause why he should not be compelled to order the Justice Department to file criminal charges against certain of the named Defendants.

■ The United States Attorney is an officer of the executive department and in that function exercises a discretion as to whether or not there shall be a prosecution in a particular case. Incident to the Constitutional separation of powers, the Courts have no jurisdiction to interfere with the free exercise of the discretionary powers of the attorneys of the United States and their control over criminal prosecutions. *United States v. Cox*, 342 F.2d 167 (5th Cir. 1965). The request by the Plaintiffs that the United States Attorney show cause why criminal prosecution not be initiated would be a violation of separation of powers between the executive and judicial branches of government.

It is therefore ORDERED that the Plaintiff's complaint be dismissed.