550 F.Supp. 681 (1980)
Matilda K. COLEMAN, Bob R. Schick, Carol Schick, John Keefer, Ethel Keefer, Dr. Nazih Zuhdi, Homer J. Young, Dr. Michael Duffy, John D. Briscoe, John M. Briscoe, V.G. Burnell, the City of Guthrie, Oklahoma, Kay-Bee Investment Company, Plaintiffs,
v.
The COURT OF APPEALS, DIVISION NUMBER TWO OF the STATE OF OKLAHOMA, the Honorable Kenneth D. Bacon, Robert Neptune and Paul W. Brightmire, Judges of the said Court, the City of Oklahoma City, a municipal corporation, and the City Council of Oklahoma City, Oklahoma: Mayor Patience Latting, Bob McCoy, Eric Groves, Bill H. Bishop, Harold McEwen, Ben Tipton, Jerry Gilbert, Jack Cornett, and Merl McCollum; and the City/County Health Department, Defendants.
No. CIV-78-0367-D.
United States District Court, W.D. Oklahoma.
June 30, 1980.
*682 Bob R. Schick, pro se.
Lucia Todd Allen, Jan Eric Cartwright, Atty. Gen., and Manville T. Buford, Asst. Atty. Gen., Daniel T. Brummitt, Oklahoma City, Okl., for defendants.

ORDER GRANTING SUMMARY JUDGMENT
DAUGHERTY, District Judge.
This is an action brought by Plaintiffs under 42 U.S.C. § 1983 for injunctive and declaratory relief arising out of Defendants' alleged violations of Plaintiffs' constitutional rights to due process of law and equal protection of the laws. It is asserted that the Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1343.
It appears from the Plaintiffs' Third Amended Complaint that all of the Plaintiffs in this case except the City of Guthrie, Oklahoma (Guthrie) are the owners of land surrounding a proposed garbage landfill in northwest Oklahoma City. Plaintiff Guthrie allegedly obtains a large portion of its water supply from the creeks which drain the area of the proposed landfill. The operator of the proposed landfill was denied a permit to operate a landfill facility by the City Council of Oklahoma City and this decision was upheld on appeal by the Oklahoma County District Court. Said decision was appealed to the Oklahoma Supreme Court where it was assigned to the Defendant Court of Appeals, Division II (Court of Appeals). On September 6, 1977, the Court of Appeals reversed the decision of the Oklahoma County District Court and remanded the case with directions that the permit should be granted.[1] Plaintiffs then *683 unsuccessfully sought to intervene in Case No. 50,553 to obtain a rehearing. After exhausting their state court remedies, Plaintiffs brought this action wherein they seek injunctive relief restraining the Court of Appeals and its judges from issuing the mandate in Case No. 50,553 and the City Council of Oklahoma City (City Council) from issuing the permit for the landfill pursuant to the order of the Court of Appeals and a declaration that the judgment of the Court of Appeals is void. In this connection, Plaintiffs contend in essence that the Oklahoma County District Court and Court of Appeals did not have jurisdiction to hear the appeal lodged by Central Oklahoma Sanitary Landfill (Central) of the City Council's denial of Central's permit application, thereby rendering the mandate of the Court of Appeals void. Secondly, Plaintiffs assert that they were denied due process of law in the state proceedings.
Pursuant to Rule 56, Federal Rules of Civil Procedure, the Defendants Court of Appeals and its judges and the Defendants City of Oklahoma City (City), City Council and the individual members thereof and the City/County Health Department (Health Department) have filed herein separate Motions for Summary Judgment. Plaintiffs have also filed a Motion for Summary Judgment. Said Motions are supported by Briefs and numerous exhibits, and response Briefs have been filed by the parties opposing the respective Motions. On March 24, 1980, the Court conducted a hearing on the foregoing Motions.
In support of their Motion, Defendants Court of Appeals and Judges Kenneth D. Bacon, Robert Neptune and Paul W. Brightmire assert that the Oklahoma County District Court and Court of Appeals had jurisdiction to hear the appeal of Central; that the Plaintiffs were afforded such due process to which they were entitled; and that the judges of the Court of Appeals are immune from civil action of this nature by virtue of the doctrine of judicial immunity.
In support of their Motion for Summary Judgment, Defendants City, City Council and the individual members thereof, and the Health Department assert that the Oklahoma County District Court and Court of Appeals decision was not void for want of jurisdiction; that Plaintiffs had an opportunity to correct any procedural defect by appeal at the state court level; and that Plaintiffs were afforded due process in the proceedings below.
In support of their Motion for Summary Judgment, Plaintiffs contend that the Oklahoma County District Court lacked jurisdiction to hear Central's appeal of the City Council's denial of its landfill permit application. Plaintiffs further contend that as the Oklahoma County District Court lacked jurisdiction, the Court of Appeals' judgment is void and the attempt by the Court of Appeals to mandate a void judgment deprived Plaintiffs of due process of law and equal protection.
Upon consideration of the Motions for Summary Judgment and the related Briefs and exhibits before the Court, it appears that no genuine issue of material fact is present in this case. Therefore, this case may be disposed of by way of summary judgment. See Rule 56, supra.
The Court notes at the outset that Plaintiffs have joined the individual judges of the Court of Appeals in this action. However, it is well settled that judges of courts of superior or general jurisdiction are not liable in a civil action for their judicial acts even when such acts are in excess of their jurisdiction and are alleged to have been done maliciously. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Johnson v. Reagan, 524 F.2d 1123 (9th Cir. 1975); Potter v. LaMunyon, 389 F.2d 874 (10th Cir.1968); Town of Hopkins v. Cobb, 466 F.Supp. 1215 (D.S.C.1979); Atchley v. Greenhill, 373 F.Supp. 512 (S.D.Tex.1974), aff'd, 517 F.2d 692 (5th Cir.1975), cert. denied, 424 U.S. 915, 96 S.Ct. 1115, 47 L.Ed.2d 320 (1976). Thus, judicial immunity is a defense to an action brought against a judge pursuant to the civil rights statute. See Stump v. Sparkman, supra; Pierson v. Ray, supra; Town of Hopkins v. Cobb, supra; Atchley v. Greenhill, supra.
*684 The purpose of judicial immunity is to protect judges from the distraction, harassment and intimidation of actions against them for the exercise of their duties. The proper remedy for litigants who feel wronged by an adverse judgment is through the appellate process. Pierson v. Ray, supra; Town of Hopkins v. Cobb, supra. There is a split of authority concerning whether judicial immunity shields judges from actions seeking only injunctive relief.[2] The purpose of judicial immunity, however, is not served by protecting a judge from actions for damages while exposing him to an action for injunctive relief. Town of Hopkins v. Cobb, supra; Zimmerman v. Spears, 428 F.Supp. 759 (W.D.Tex. 1977), aff'd, 565 F.2d 310 (5th Cir.1977); Atchley v. Greenhill, supra. Therefore, the Court finds as a matter of law that Plaintiffs' action against Defendants Kenneth D. Bacon, Robert Neptune and Paul W. Brightmire is barred by the doctrine of judicial immunity.
In the instant case, Plaintiffs seek to collaterally attack a state court judgment on the grounds that the state courts lacked jurisdiction. A decree of a court must be void on its face to be subject to collateral attack for lack of jurisdiction. Springer v. Townsend, 336 F.2d 397 (10th Cir.1964); Choctaw & Chickasaw Nations v. City of Atoka, 207 F.2d 763 (10th Cir.1953); Scoufos v. Fuller, 280 P.2d 720 (Okl.1954). To be void on its face a judgment must show from the record that the court lacked jurisdiction over the parties, jurisdiction over the subject matter, or jurisdiction to render the judgment. Scoufos v. Fuller, supra. However, in a collateral attack upon a judgment rendered by a court of competent jurisdiction, there is a presumption in favor of the validity of the judgment and the existence of all necessary jurisdictional facts. Lowman v. Falsetti, 335 F.2d 632 (5th Cir.1964), cert. denied, 379 U.S. 966, 85 S.Ct. 659, 13 L.Ed.2d 560 (1965); Choctaw & Chickasaw Nations v. City of Atoka, supra. It is clear that a court has the power to determine its own jurisdiction and an error in that determination will not render the judgment void. Only in the rare instance when there is a clear usurpation of power will a judgment be rendered void. Lubben v. Selective Service System Local Board No. 27, 453 F.2d 645 (5th Cir.1972).
From the record before the Court in this case, it appears without dispute that on March 23, 1976, at a meeting of the City Council Central's application for a landfill permit covering certain land located near N.W. 164th and N. Rockwell was denied. Central then appealed the City Council's decision to the Oklahoma County District Court[3] pursuant to 12 Okl.Stat.1971 § 951 which provides as follows:
"A judgment rendered, or final order made, by any tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court except where an appeal to some other court is provided by law."
The City Council argued before the Oklahoma County District Court that the denial of a landfill permit application was a legislative function rather than a judicial function and therefore an appeal could not be taken to the district court under § 951. However, the Oklahoma County District Court disagreed and specifically found in its "Decision of Appeal" filed on December 22, 1976, that it had jurisdiction of Central's appeal pursuant to § 951. Upon appeal of the Oklahoma County District Court's decision, the Court of Appeals acknowledged that the district court had assumed appellate jurisdiction pursuant to § 951.
*685 In the instant action, Plaintiffs contend that an application for a landfill permit is in the nature of a zoning action and therefore, under O'Rourke v. City of Tulsa, 457 P.2d 782 (Okl.1969), such an application hearing would be a legislative function of the City Council thereby denying the state district court jurisdiction under § 951. However, as the property in question was properly zoned to permit a landfill[4] long before the City Council's action on Central's application ever came into question, this Court is not convinced that the hearing before the City Council on the landfill application in question had any connection whatsoever with zoning. Rather, the action of the City Council was to merely deny a business permit to operate a landfill. When a city council seeks to grant or deny a permit to do business, it is exercising a quasi-judicial function. See generally Wolfenbarger v. Hennessee, 520 P.2d 809 (Okl.1974). The City Council's function in the hearing in question was to determine whether Central had complied with existing ordinances. See Oklahoma City Code, Art. XXVIII, §§ 9-291.1 and 9-291.2 (1975). This function appears to be in the nature of a judicial act, applying facts to existing laws. Such an action would be appealable to the state district courts under 12 Okl.Stat.1971 § 951 and the Oklahoma County District Court so found. Moreover, even if the actions of the City Council were legislative and not judicial, the Oklahoma County District Court would not necessarily have been deprived of jurisdiction. In this connection, the Court notes that the state district courts of the State of Oklahoma have "unlimited original jurisdiction of all justiciable matters." Okl. Const. Art. 7, § 7(a). The jurisdiction of the Oklahoma Court of Appeals directly depends upon the jurisdiction of the state district courts. See generally Okl. Const. Art. 7, § 4; 20 Okl.Stat.1971 § 30.1. In the instant case, nothing appears on the face of the judgment of the Oklahoma County District Court which would indicate that said Court lacked jurisdiction of Central's appeal. Under these circumstances where there is a lack of jurisdiction which does not appear on the face of the judgment, the presumption in favor of jurisdiction must stand. See Lowman v. Falsetti, supra; Springer v. Townsend, supra; Choctaw & Chickasaw Nations v. City of Atoka, supra; Bottone v. Lindsley, 170 F.2d 705 (10th Cir. 1948).
Furthermore, as noted above, the Oklahoma County District Court specifically found that it had jurisdiction over Central's appeal under 12 Okl.Stat.1971 § 951. Where a state district court of general jurisdiction has specifically found in its judgment that jurisdiction existed under a state statute, such a determination is conclusive and the federal district courts have no power to review that decision to determine if the state court was correct. See generally Rooker v. Fidelity Trust Company, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); Dade County Classroom Teachers Association, Inc. v. Nathan, 413 F.2d 1005 (5th Cir.1969); Lowman v. Falsetti, supra; Springer v. Townsend, 222 F.Supp. 231 (N.D.Okl.1963), aff'd, 336 F.2d 397 (10th Cir.1964). Such an action by the federal district courts would be tantamount to them exercising appellate jurisdiction over the state courts. It is well settled that federal district courts have no appellate jurisdiction over state court judgments. Smiley v. South Dakota, 551 F.2d 774 (8th Cir. 1977); Dade County Classroom Teachers Association, Inc. v. Nathan, supra; Aristocrat Health Club of Hartford v. Chaucer, 451 F.Supp. 210 (D.Conn.1978); Reich v. City of Freeport, 388 F.Supp. 953 (N.D.Ill. 1974), aff'd, 527 F.2d 666 (7th Cir.1975).
In the instant action, if Plaintiffs felt the Oklahoma County District Court was in error by assuming jurisdiction under § 951, they should have appealed to the Supreme Court of Oklahoma. If they were denied relief in the state supreme court, a petition for certiorari could be filed with *686 the United States Supreme Court. Plaintiffs' action in this Court, however, alleging that the state court erred in its very specific determination of jurisdiction is improper as it asks this Court to act as an appellate court for the state courts. Therefore, the Court determines that Plaintiffs' contention that the Oklahoma County District Court and the Court of Appeals lacked jurisdiction is meritless as a matter of law.
Turning to Plaintiffs' claim that they were denied due process of law both in the hearing before the City Council and in the state court proceedings, the Court notes that Plaintiffs first contend that they were denied notice of and an opportunity to be heard in the hearing before the City Council concerning the landfill application in question. In this connection, Plaintiffs do not appear to be attacking the constitutionality of any statute or ordinance. Rather, Plaintiffs assert that the hearing before the City Council was tantamount to a zoning action and therefore, the notice requirements of a zoning action would be applicable.[5] However, the notice requirements for a hearing on a landfill permit would be governed by the applicable sections of the Oklahoma City Code and not by the zoning statutes cited by Plaintiffs. See generally Weaver v. Bishop, 174 Okl. 492, 52 P.2d 853 (1935). No specific notice is required to be given to the Plaintiffs by the Oklahoma City Code. Generally, notice on a permit hearing must afford an opportunity to a person, by the exercise of reasonable diligence, to determine if his property would be affected. Such notice would be sufficient if it was posted on the property or given by publication. See 101A C.J.S., Zoning and Land Planning § 208, at 612-613 (1979). In the instant case, it is uncontroverted that notice of the hearing was mailed to the applicant in compliance with Oklahoma City Code, Art. XXVIII, § 9-291.1(b) (1975).[6] Furthermore, notice of the hearing before the City Council concerning the landfill application and a description of the property affected by said landfill was both posted on the bulletin board in the Oklahoma City City Hall and published in the "Daily Law Journal" on March 9, 1976. Such notice satisfied the requirements of the Oklahoma City Code. Moreover, even if the zoning notice requirements were applicable to the instant case, sufficient notice was given as all that is required is that notice be given by publication in an official newspaper or a paper of general circulation and notice was given to all parties by publication in the "Daily Law Journal." No other forms of notice are required by the zoning statute *687 unless the City Council specifically requires the additional notice provided for in the statute. This additional notice, however, is discretionary in the City Council. See 11 Okl.Stat.1971 § 404. There is no evidence or allegations that the City Council required any additional notice be given. Therefore, as no notice was required to be given to Plaintiffs, the general notice given by the City Council was sufficient.
Plaintiffs next contend that they were denied due process when the state courts rendered judgment when they lacked jurisdiction to do so, and that the denial of Plaintiffs' request to intervene by the Court of Appeals denied Plaintiffs due process. Plaintiffs' claim that the state courts lacked jurisdiction has been dealt with above and found to be without merit. Plaintiffs' assertion that denial of their request to intervene denied them due process of law is equally without merit. Whether to allow a party to intervene is within the sound discretion of the court under Oklahoma law. See 12 Okl.Stat.1971 § 237. For this Court to review the state court's denial of Plaintiffs' request to intervene would again be tantamount to this Court acting as an appellate court over the state courts. As clearly stated above this Court has no appellate jurisdiction over the state courts and Plaintiffs' remedy for any procedural error by the Court of Appeals lies with the Oklahoma Supreme Court or the United States Supreme Court and not this Court. See Rooker v. Fidelity Trust Co., supra; Smiley v. South Dakota, supra.
In view of the foregoing and after due consideration of the Motions for Summary Judgment and the extensive Briefs and supporting exhibits filed herein by the parties and after the hearing conducted on the same and the arguments of counsel, the Court finds and concludes that genuine issues of material facts are not present in the case and that the Defendants are entitled to judgment in their favor as a matter of law. Accordingly, Defendants' Motions for Summary Judgment should be granted and Plaintiffs' action should be dismissed. See Rule 56, supra; see, e.g., Carter v. Stanton, 405 U.S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972); Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Bankers Trust Co. v. Transamerica Title Insurance Co., 594 F.2d 231 (10th Cir. 1979); Harsha v. United States, 590 F.2d 884 (10th Cir.1979); Madison v. Deseret Livestock Co., 574 F.2d 1027 (10th Cir.1978); Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202 (10th Cir.1977).
It is so ordered this 30th day of June, 1980.
NOTES
[1] Central Oklahoma Sanitary Landfill, Inc. v. The City of Oklahoma City, No. 50,553 (Okla. Ct.App. Sept. 6, 1977) (hereinafter Case No. 50,553).
[2] The Supreme Court has never ruled on the issue of whether judicial immunity applies to suits for injunctive relief. The circuit courts appear to be split on this issue. The Supreme Court has ruled that common-law legislative immunity bars actions against legislators for both monetary and injunctive and declaratory relief. See Supreme Court of Virginia v. Consumers Union of the United States, 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980).
[3] Central Oklahoma Sanitary Landfill, Inc. v. The City of Oklahoma City, CD-76-465 (District Court of Oklahoma County).
[4] It is uncontroverted that the property in question was at all relevant times zoned AA agriculture, which permits sanitary landfills.
[5] At the time this action was filed the notice and hearing requirements for a zoning action were provided by 11 Okl.Stat.1971 § 404 which read as follows:

§ 404. Powers of legislative body  Notice and hearing  Reclassifications.  The legislative body of such municipality shall provide for the manner in which such regulations and restrictions and the boundaries of such districts shall be determined, established and enforced, and from time to time amended, supplemented or changed. However, no such regulation, restriction or boundary shall become effective until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard. At least fifteen (15) days' notice of the time and place of such hearing shall be published in an official paper or a paper of general circulation in such municipality. The legislative body may, in cases of proposed zoning reclassifications, require additional notice of public hearing by a sign placed on the property affected by such proposed zoning reclassification. Such sign and the lettering thereon shall be of sufficient size so as to be clearly visible and legible from the public street or streets toward which it faces. It shall contain information giving the date, time and place of the public hearing and by whom it shall be conducted, the desired zoning classification, the proposed use of the property, and such other information as deemed necessary to provide adequate and timely public notice.
[6] Oklahoma City Code, Art. XXVIII, § 9-291.1(b) (1975) reads:

(b) Notice and hearing before Council. Upon receipt of the three (3) copies of the engineering report from the reviewing departments, the City Clerk shall have a public hearing on the application set before the City Council at one of its regularly scheduled meetings; provided, that such hearing shall be at least two weeks from the date on which the applicant is notified by registered mail of the hearing. Such notice shall contain the date, time and place of the public hearing. (Emphasis added).