Wanda P. CHOCALLO

v.

Mary J. CALLAGHAN.

Civ. A. No. 79–463.

United States District Court,
E. D. Pennsylvania.

Sept. 17, 1980.

Wanda P. Chocallo, pro se.

Alexander Ewing, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

In a memorandum dated June 30, 1980, I set forth my reasons for denying plaintiff's motion to remand this libel action to the Court of Common Pleas of Philadelphia County, from where it was removed as an action arising from acts "under color of [federal] office," pursuant to 28 U.S.C. § 1442(a)(1). In the course of that memorandum, I abstracted, with sufficient detail for present purposes, the following brief factual history:

Wanda Chocallo is an Administrative Law Judge employed by the Social Security Administration of the United States Department of Health and Human Services. Mary Callaghan was employed as Judge Chocallo's Hearing Assistant at the time of the events which gave rise to this litigation . . . .

The parties were involved in an altercation at their place of employment. On the day of the altercation, Judge Chocallo submitted a memorandum to the parties' mutual supervisor, James Lightfoot, Administrative Law Judge in Charge, in which Judge Chocallo gave her version of the events and requested that Hearing Assistant Callaghan be transferred from her post. Three days later, Hearing Assistant Callaghan submitted to Judge Lightfoot a counter–memorandum in which she took issue with the accuracy of Judge Chocallo's memorandum and alleged, as an ingredient of the altercation, that Judge Chocallo had "mugged" her. The libel suit subsequently brought by Judge (here plaintiff) Chocallo against Hearing Assistant (here defendant) Callaghan rests on defendant's submission of the counter–memorandum to Judge Lightfoot and her alleged circulation of copies of the counter–memorandum to other persons.

Asserting the absolute immunity recognized in *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), and succeeding cases in the circuit and district courts, defendant contends that this libel action is barred. She has moved for summary judgment.

In *Barr v. Matteo,* the Court held that an absolute privilege barred a suit for malicious defamation brought by two employees against the acting director of a federal agency. Despite allegations that the defendant had acted with malice in issuing a press release containing false information about the plaintiffs, the Court held that the issuance of the release was within the "outer perimeter of [defendant's] line of duty," 360 U.S. at 575, 79 S.Ct. at 1341, and, therefore, absolutely privileged.

Although *Barr v. Matteo* involved a high–ranking federal official, the courts have consistently applied the principles announced there to bar libel actions brought by one federal employee against another, so long as the assertedly defamatory statements were made within the scope of the defendant's official duties. And indeed the submission of written and oral complaints about one's fellow workers, has repeatedly been found to fall comfortably within the "outer perimeter" of a federal employee's duty, and thus to be protected absolutely from defamation claims. See *Ruderer v. Meyer,* 413 F.2d 175 (8th Cir. 1969), *cert. denied,* 396 U.S. 936, 90 S.Ct. 280, 24 L.Ed.2d 235; *West v. Garrett,* 392 F.2d 543 (5th Cir. 1968); *Preble v. Johnson,* 275 F.2d 275 (10th Cir. 1960); *Gorst v. Ferguson,* 431 F.Supp. 125 (W.D.Okl.1977); *Knuemann v. Naranjo,* 378 F.Supp. 104 (D.Md.1974).

*Frommhagen v. Glazer,* 442 F.2d 338 (9th Cir. 1971), *cert. denied,* 404 U.S. 1038, 92 S.Ct. 711, 30 L.Ed.2d 729 (1972), which presented a factual circumstance similar in many respects to this case, provides apt illustration. Plaintiff had instituted a grievance procedure against defendant. Defendant's testimony during the grievance proceeding prompted a skirmish of inter–office memoranda between the two parties. A final, and certainly unflattering, memorandum was sent to certain supervisory personnel, giving rise to the libel action. In affirming the district court's grant of summary judgment, the court of appeals commented:

> The district judge found that [defendant] acted under color of federal office in writing and circulating the memorandum, and that [defendant] was therefore immune from personal liability for those acts. In this, the court was right .... The principal significant difference between this case and *Barr v. Matteo* is that there the alleged libel was in an agency press release, whereas here [plaintiff's] memorandum was sent only to persons within the agency, and each of them was a person to whom it was proper for him to send it. Thus this is a stronger case for immunity than *Barr v. Matteo.* See dissenting opinion of Chief Justice Warren, 360 U.S. at 583–584, 79 S.Ct. at 1345–1346 ... [some citations omitted]

442 F.2d at 340.

If an employee complaining of his co–workers to supervisory personnel is afforded an absolute immunity from defamation actions, it is manifest that the target of the critique must be afforded a comparable latitude to respond freely, and vigorously, in rebuttal. Here, it is evident from Hearing Assistant Callaghan's and Judge Lightfoot's affidavits, and from the allegedly offending Callaghan counter–memorandum itself, that the counter–memorandum was designedly a response to the memorandum previously submitted by Judge Chocallo to Judge Lightfoot. And it is equally clear that Judge Lightfoot was a person properly made privy to Hearing Assistant Callaghan's counter–memorandum. See *West v. Garrett, supra.*

Notably, the affidavits submitted by the plaintiff do not contain any elaboration of the potentially significant allegation in the complaint that Hearing Assistant Callaghan's counter–memorandum was submitted to persons other than Judge Lightfoot. Rather, plaintiff's affidavits attack that counter–memorandum as materially false, and assert malice on the part of its author. But these assertions are not relevant if defendant possesses an absolute immunity because her acts are within the "outer perimeter" of her employment. The conclusory statement in Judge Chocallo's affidavit that the allegedly libelous writing was beyond the scope of defendant's em-

ployment will not defeat defendant's motion for summary judgment if the uncontradicted facts compel a contrary legal conclusion. *Chavez v. Kelly*, 364 F.2d 113 (10th Cir. 1966).

Finally, plaintiff's reliance on *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), as obviating the absolute immunity from libel suits recognized in *Barr v. Matteo*, is misplaced. The rationale of *Butz* is that, because unconstitutional action is necessarily beyond the authority of a federal employee, federal officials are entitled to only a "qualified immunity" from constitutional claims. *Butz* is at pains to distinguish *Barr v. Matteo* because the earlier case did not involve constitutional claims. 98 S.Ct. at 2905 and n.22; see also *id.* at 2919 (Rehnquist, J., concurring in part and dissenting in part). Plaintiff's libel claim contains no constitutional dimension, and thus does not fall within the purview of *Butz.*

Accordingly, defendant's motion for summary judgment will be GRANTED.