Billy D. BARNES and wife Mary Sue Barnes

v.

Sheila A. OODY and Sarah L. Rogers.

Theodore W. HAYES

v.

Sarah L. ROGERS.

Civ. Nos. 3–80–420, 3–80–421.

United States District Court, E. D. Tennessee, N. D.

Jan. 9, 1981.

W. P. Boone Dougherty, Knoxville, Tenn., for Billy D. Barnes et ux and Theodore W. Hayes.

Herbert S. Sanger, Jr., Gen. Counsel, Justin M. Schwamm, Sr., Asst. Gen. Counsel, Robert E. Washburn, Alvin M. Cohen, Knoxville, Tenn., for Sheila A. Oody and Sarah L. Rogers.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

These are actions for defamation based on defendants' accusing plaintiffs Barnes and Hayes of sexual harassment. Plaintiffs Barnes and Hayes and both defendants are employees of the Tennessee Valley Authority (TVA) at its Watts Bar Nuclear Plant. The actions were originally commenced in state court. Defendants removed the actions to this Court and plaintiffs moved this Court to remand the cases. In an order filed on October 28, 1980 that motion was denied because

> [d]efendants' allegedly defamatory statements were made pursuant to an investigation of charges of sexual harassment at a TVA facility. The investigation was conducted under a TVA Instruction for handling charges of employee misconduct. Therefore, defendants were acting

"under color of office", 28 U.S.C. § 1442(a)(1), when the statements at issue were uttered.

The cases are presently before the Court on defendants' motion for judgment on the pleadings or, alternatively, for a summary judgment. The cases have been set together for a trial on the merits and the present motion raises legal issues which are common to both cases. Accordingly, the cases will be considered together.

In Civ. 3–80–420, plaintiffs allege in their complaint that defendants Oody and Rogers defamed plaintiff Barnes by stating to fellow employees and others that Barnes was guilty of sexual harassment in that he had repeatedly made sexual advances to them without their consent and over their objections. In August, 1979, upon learning of defendants' complaints of sexual harassment, William F. Willis, General Manager of TVA, directed TVA's General Counsel and its Director of Equal Employment Opportunity to conduct an investigation into the matter. TVA has an internal Instruction providing for investigation by the General Counsel's office of charges of employee misconduct. (Affidavit of William F. Willis, filed in Civ. 3–80–420). Brent R. Marquand, a staff attorney in the Office of the General Counsel, conducted the investigation. (Deposition of Brent R. Marquand at 6–7). The General Counsel's report was submitted to Willis on October 3, 1979. The allegations against Barnes were found to be substantiated and disciplinary action against Barnes and others was recommended. Willis forwarded the report to Barnes' supervisor, the Director of the Division of Construction, and disciplinary action was initiated against Barnes on October 17, 1979. (Affidavit of William F. Willis.) Barnes was demoted, transferred to another project, barred from future work at Watts Bar and suspended for 30 days. Barnes then filed a grievance which was denied by the Director of the Division of Construction and by the Director of Labor Relations for TVA. The matter was then submitted to arbitration as provided for in the collective bargaining agreement between TVA and Barnes' collective bargaining representative. A two-day evidentiary hearing was held wherein several witnesses, including Barnes and both defendants, testified and numerous affidavits were submitted. After considering the evidence the arbitrator found that Barnes had sexually harassed the defendants. The arbitrator modified the punishment given Barnes by limiting it to the 30-day suspension. (*In the Matter of Arbitration between Tennessee Valley Authority and Salary Policy Employee Panel*, Exhibit A to answer of defendants).

The facts in Civ. 3–80–421 are very similar. In his complaint plaintiff Hayes alleges that Rogers, also a defendant in Civ. 3–80–420, defamed him by complaining that he had sexually harassed her. As a result of the same investigation referred to in Civ. 3–80–420, the claims of sexual harassment against Hayes were found to be supported and disciplinary action was recommended. (Affidavit of William F. Willis filed in Civ. 3–80–421). Hayes was suspended for 30 days. Hayes appealed TVA's decision to the Merit System Protection Board (MSPB). After a three-day evidentiary hearing during which Hayes, Rogers and ten other witnesses testified, the presiding official affirmed the action taken by TVA. (*Theodore W. Hayes v. Tennessee Valley Authority*, Exhibit A to answer of defendant). Hayes then petitioned the MSPB for review. The MSPB denied his petition and affirmed the findings of sexual harassment. (Exhibit to brief in support of motion of defendant for judgment on the pleadings or, alternatively, for summary judgment).

Defendants have styled their motions in these cases as motions for judgment on the pleadings or, alternatively, for summary judgment. Because the Court has considered affidavits and other materials beyond the pleadings, the motions must be treated as motions for summary judgment. Defendants argue that summary judgment should be entered in their favor because plaintiffs are collaterally estopped from relitigating the findings of the administrative tribunals; because defendants have an absolute privilege; and because these actions for defamation are barred by the Suprema-

cy Clause. Plaintiffs have filed a brief in response to these arguments and oral argument has been heard.

The law is well settled that res judicata principles apply to the factual findings of an administrative tribunal when the tribunal "is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate." *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1965). Likewise, such findings are accorded collateral estoppel effect. *Overseas Motors, Inc. v. Import Motors Limited, Inc.*, 375 F.Supp. 499 (E.D.Mich.1974), *aff'd*, 519 F.2d 119 (6th Cir. 1975), *cert. denied* 423 U.S. 987, 96 S.Ct. 395, 46 L.Ed.2d 304 (1975); *Goldstein v. Doft*, 236 F.Supp. 730 (S.D.N.Y.1964); *aff'd* 353 F.2d 484 (2nd Cir. 1965), *cert. denied*, 383 U.S. 960, 86 S.Ct. 1226, 16 L.Ed.2d 302 (1966). In the cases before the Court, the arbitrator in Civ. 3–80–420 and the presiding official in Civ. 3–80–421 were acting in a judicial capacity when considering the truth or falsity of the charges of sexual harassment. Barnes and Hayes had a full and fair hearing and the opportunity to cross-examine their accusers. The truth of the charges of sexual harassment was established.

Plaintiffs challenge the application of collateral estoppel principles to these cases because the parties in the defamation actions are not the same as in those in the administrative adjudications. However, mutuality of estoppel and identity of parties is not a prerequisite to the application of collateral estoppel. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Therefore, this contention is without merit. Plaintiff Hayes also contends that the decision by the MSPB is not entitled to collateral estoppel effect because it may yet be appealed. This contention is also meritless. A judgment will operate as an estoppel unless the proceeding on review is a trial de novo. *Refior v. Lansing Drop Forge Co.*, 134 F.2d 894 (6th Cir. 1943). The appeal of an MSPB decision is not for a trial de novo, but rather review is limited to whether or not the decision is supported by substantial evidence. 5 U.S.C. § 7703(c)(3). Therefore, the possibility that Hayes may appeal does not detract from the finality of the MSPB decision. It is significant that plaintiffs do not in any way challenge the fairness of the administrative proceedings.

In the opinion of the Court, collateral estoppel prevents relitigation of whether or not plaintiffs are guilty of sexual harassment. Accordingly, we hold that the present action for defamation, which is based on the claim that the defendants' allegations of sexual harassment were malicious and false, is barred by the findings by the administrative tribunals that the charges were true. Although this holding is dispositive of these cases, we will consider defendants' claim of absolute privilege.

In support of their claim of absolute privilege defendants rely upon the immunity from civil liability established in *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). *Barr* established the principle that federal officials with discretionary responsibilities will not be subjected to civil liability for their statements made within the "outer perimeter" of their line of duty. This immunity has been applied to statements made requesting an investigation or in cooperating with an official investigation such as the one in the cases before the court. *Frommhagen v. Glazer*, 442 F.2d 338 (9th Cir. 1971), *cert. denied*, 404 U.S. 1038, 92 S.Ct. 711, 30 L.Ed.2d 729 (1972); *Rowe v. Pierce*, 467 F.Supp. 14 (E.D.Tenn. 1974); *Malone v. Longo*, 463 F.Supp. 139 (E.D.N.Y.1979); *Shipp v. Waller*, 391 F.Supp. 283 (D.D.C.1975). Plaintiffs challenge the application of this immunity to the statements of defendants in these cases.

In their complaint plaintiffs allege that defendants made both oral and written statements which plaintiffs consider to be defamatory. After discovery plaintiffs modified their stance. In their brief and at oral argument plaintiffs stated that they now rely only upon the statements written by defendants some time after August 15, 1979. These statements are Exhibit 1 to

the deposition of defendant Oody and Exhibit 2 to the deposition of defendant Rogers. Plaintiffs challenge the application of an absolute privilege to these statements on two grounds. They argue that the written statements were not part of the investigation and that the statements were not relevant to the investigation.

Plaintiffs rely on the fact that Marquand, the staff attorney who conducted the investigation for TVA, had interviewed defendants at least twice before defendants prepared their statements. At the second interview a stenographer was present who took down verbatim what was said. Plaintiffs also point out that defendants' statements at issue were not prepared by Marquand. (Deposition of Brent R. Marquand at 33–34, 44). Because defendants had been interviewed by the investigator before they prepared their allegedly libelous statements, plaintiffs contend that a factual issue is created as to whether or not the statements were prepared in the course of the official investigation and thus within the outer perimeter of the defendants' lines of duty.

■ We disagree. The persons investigating the complaints of sexual harassment asked the employees at Watts Bar who wished to talk with them to do so. Marquand also told the persons at the project that if they had any additional problems or additional information to bring it to the attention of the investigators. (Deposition of Brent R. Marquand at 51). It was thus entirely consistent with the investigation for defendants to submit their statements after Marquand had interviewed them. It is undisputed that the statements were documents upon which the report of the General Counsel was based. (Deposition of Brent R. Marquand at 37, 44). Therefore the statements were clearly relevant to the investigation. Thus, the deposition testimony of Marquand, which is the only support for plaintiffs' contention, does not buttress their position. Furthermore, there is no indication whatsoever in the depositions of defendants Oody and Rogers that the statements at issue were not prepared pursuant to the official investigation. Therefore, we find that no factual issue as to whether or not the statements were prepared pursuant to the official investigation has been created. Accordingly, we hold that the statements at issue were prepared by defendants within the outer perimeter of their lines of duty and thus may not form the basis of a defamation action.

Because our holdings that plaintiffs are collaterally estopped to pursue this action and that defendants are immune from suit are dispositive of these cases, we express no opinion on defendants' argument based on the Supremacy Clause.

For the reasons stated above, it is ORDERED that defendants' motion for summary judgment in Civ. 3–80–420 be, and the same hereby is, granted. It is further ORDERED that Civ. 3–80–420 be, and the same hereby is, dismissed. It is further ORDERED that defendant's motion for summary judgment in Civ. 3–80–421 be, and the same hereby is, granted. It is further ORDERED that Civ. 3–80–421 be, and the same hereby is, dismissed.

Order Accordingly.